18 273
78a 462

HENRY PLATO, Plaintiff in Error, *v.* SAMUEL H. TURRILL *et al.*, Defendants in Error.

### ERROR TO PEORIA.

If, on the return of a writ of attachment showing a seizure of property, or service on a garnishee, the plaintiff fails to comply with a rule to file a declaration, the defendant will be entitled to a judgment.

On a writ of error a judgment will be sustained, if it does not exceed the damages laid in the declaration.

It is questionable, in an attachment suit, whether any advantage can be taken of a variance between the writ and declaration, except (where the declaration counts upon different causes of action from those stated in the affidavit) in avoidance of the lien of the attachment.

A motion to strike a declaration from the files must be disposed of in the court below; and, on refusal and exception, it may be considered in this court.

TURRILL and HAVEN commenced a suit in attachment against Plato, in assumpsit, swearing to an indebtedness of $302; the declaration concluding in damages to $500. Process made returnable to May term, 1856. Motion for judgment of dismissal entered 30th July following, for want of declaration. A declaration was filed November 13th, 1856. A motion for

dismissal was made in March, 1857, because no declaration was filed till after commencement of second term after suit commenced. At March term, 1857, motions were made to quash the writ and the return. Motions to dismiss were overruled, and an amendment of the return was permitted. Defendants having been ruled to plead, made default, and plaintiff had judgment for $555.05.

C. C. BARNEY, for Plaintiff in Error.

H. B. HOPKINS, for Defendants in Error.

SKINNER, J. This was a proceeding in attachment against the estate of Plato. The writ was returnable to the May term, 1856.

At the next term the defendant appeared, and moved to dismiss the suit, because no declaration had been filed. At the following November term, and after the filing of a declaration, the defendant entered his motion for judgment as in case of non-suit, because the declaration was not filed ten days before the second term after suing out the writ. At the following March term, the defendant entered a motion to quash the writ, a motion to quash the sheriff's return, and a motion to strike the declaration from the files. The sheriff, upon leave, amended his return, and the court overruled the motion to quash. The return was amendable, and being amended so as to avoid the objection, the court properly overruled the motion.

The writ was not, in fact, returned until after the declaration had been filed, and the court, assigning this reason, overruled the two motions to dismiss, based on the plaintiff's default in not filing his declaration in time. The motion to strike the declaration from the files was not disposed of, no further action having been taken thereon. The defendant cannot, in this court, insist upon his motion, or take any benefit therefrom. If he chose, he could have insisted upon its disposition by the court, and, on refusal, have saved his exception; and not having done so, this court will treat the motion as waived. No reason for quashing the writ is perceived, and the court properly overruled the motion for that purpose made. In the case of *White* v. *Hague*, 18 Ill. R. *post*, this court held that a defendant in attachment was not entitled to judgment for want of a declaration on entering his appearance and motion for that purpose, made at the return term of the writ; but that he should first take a rule on the plaintiff to file his declaration.

The statute provides: "In case of attachment against absent or absconding debtors, the attaching creditor or creditors shall,

on the return of the attachment, or at the term of the court to which the same is made returnable, file a declaration," and so forth. Statutes 1856, p. 825.

The evident intention of the statute is, to prevent delay in the proceeding after the seizure of the property or effects under the writ; and it is sufficient, if the declaration be filed so soon as the court can be judicially informed that there is property in the custody of the law, upon which a recovery in the cause could operate. The proceeding is against the property, and not the person, of the defendant; and until a return of the writ, showing a levy on property, or service on a garnishee, there is no occasion for further action; until such levy or service, the proceeding is in embryo; notice by publication is not required to be given, and a judgment recovered, without appearance, would be a nullity. *Martin* v. *Dryden*, 1 Gil. R. 212.

If, on the return of the writ showing the seizure of property, or service on a garnishee, the plaintiff fails to comply with a rule taken on him to file a declaration, the defendant will be entitled to judgment. It is also assigned for error, that the judgment is for more than the amount sworn to in the affidavit and named in the writ. It is enough, on error brought, if the judgment does not exceed the damages laid in the declaration.

Variances between the writ and declaration, at common law, are pleadable in abatement only; and it may well be questioned whether, in an attachment suit, any advantage can be taken of such variance, except (where the declaration counts upon different causes of action from those stated in the affidavit) in avoidance of the lien of the attachment.

The writ follows the affidavit, and it is not to be supposed the plaintiff can swear, in all cases, to the precise amount due, or damages sustained; besides, interest may accrue during the pendency of the proceeding, which would justify a judgment for more than the amount due at its commencement.

*Judgment affirmed.*