CORNELIUS H. TUNNISON *et al.*, Plaintiffs in Error, *v.* FRANKLIN FIELD *et al.*, Defendants in Error.

### ERROR TO MADISON.

In a proceeding by attachment, the declaration must be limited to the cause of action specified in the affidavit upon which the proceeding is based; and the plaintiff cannot recover a larger sum than the amount claimed in the affidavit, with interest.

If the plaintiff might declare in the common counts on the cause of action set forth in the affidavit, commencing by attachment does not deprive him of that right.

Where a contract has been fully performed by the plaintiff, and nothing remains for the defendant but to pay the money due on it, the plaintiff may declare specially, or on the common counts.

Where the right of the plaintiff to declare on the common counts, depends upon whether or not he has fully performed his part of a contract, it is error to dismiss the suit without proof. The court could not judicially know that fact, nor could it be determined by reference to the bill of particulars filed with the declaration.

THE affidavit in this case states an indebtedness under a written contract, for work and labor and materials.

The declaration is on common counts.

A motion to dismiss suit for want of declaration, was sustained, and the suit was dismissed.

It is agreed by the parties in this cause, that the declaration copied into the record was filed within the time prescribed by agreement, but after the return term, and the only point of law at issue between them is, whether the same can be treated as a declaration in this case.

The error assigned is, that the court below erred in sustaining the motion of the defendants, and in dismissing suit.

H. W. BILLINGS, for Plaintiff in Error.

J. AND D. GILLESPIE, for Defendants in Error.

WALKER, J. This was an attachment commenced to the October term, 1858, of the Madison Circuit Court. The affidavit upon which the proceeding is based was made by Tunnison, and alleges that defendants are indebted to plaintiffs "in the sum of eight thousand three hundred and fifty-eight dollars and seventy-six cents. That said indebtedness was for work and labor done and materials furnished the said Field and Barton, by this affiant and Henry E. Warren, under a contract entered into, in writing, on the 25th day of June, 1856, between affiant and said Warren, of the one part, and the said Field and Barton, of the other part, and the benefit of which contract has

Tunnison et al. *v.* Field et al.

been assigned to this affiant and Theodore F. Tunnison. Work done and materials furnished on the North Missouri Railroad, in the State of Missouri. That said sum of eight thousand three hundred and fifty-eight dollars and seventy-six cents, is the balance due for work and labor and materials furnished to said Field and Barton on said contract."

The plaintiffs filed a declaration in assumpsit, which contained the common counts for work and labor and materials furnished, money paid, laid out and expended, and on an account stated, all in the usual form. They filed with it a bill of particulars. At the October term, 1858, defendants entered a motion to dismiss the suit for want of a declaration, which was sustained, and the suit dismissed. The record is filed in this court, and the parties agree that the declaration copied into the transcript of the record was filed within the time prescribed by agreement, but after the return term, and the only point presented is, whether the same can be treated as a declaration in the cause.

Our statutes regulating proceedings in attachment, have not changed the rules of pleading or evidence. They remain as they were previous to their adoption. These enactments have, in some respects, changed the practice in proceedings of this character, and limit the declaration to the cause of action specified in the affidavit upon which the proceeding is based. Nor can the plaintiff recover a larger sum than the amount claimed in the affidavit, with its accruing interest. But if the plaintiff might declare in the common counts, on the causes of action specified in the affidavit, it being a proceeding in attachment will not change his right to still declare in that mode. If ordinarily he might declare on the cause of action set out in the affidavit, either specially or generally, under the common counts, he has the same right when the proceeding is by attachment. If then, the cause of action in this proceeding were such that the plaintiffs might, in an ordinary action, declare for work and labor done, materials furnished, or on an account stated, the declaration in this case, must be held sufficient. The principle is familiar and well settled, that when a written contract has been fully performed on the part of the plaintiff, and nothing remains to be done under it but for defendant to pay the compensation in money, the plaintiff may declare specially, on the original contract, or generally, in *indebitatus* assumpsit, at his election. *Throop* v. *Sherwood*, 4 Gilm. R. 98 ; *Lane* v. *Adams*, 19 Ill. R. 169. It then follows that if this contract was fully performed on the part of the plaintiffs, and nothing remained to be done under it, but for the defendants to pay the money due, there can be no doubt of their right to recover under the common counts. And whether it had been fully executed

or not, the court could not judicially know. The determination of that question depended on proof, and if, on the trial, it had appeared that plaintiffs had not fully executed the contract, without being prevented by defendants, they would have failed to recover. Nor can the court refer to the account filed with the declaration, to determine that question, on a motion to dismiss, but it is the evidence alone which must determine it. If the account filed is not such as the party has a right to prove under this affidavit, that would form no grounds for dismissing the suit, unless he failed to file a proper one under a rule entered for that purpose. But even if it were conceded that this declaration was defective, it is still a declaration in the case, and might be amended on leave of the court. But no objection is perceived to it, either in substance or in form.

We are therefore of the opinion that the Circuit Court erred in dismissing this cause, and that the judgment of dismissal should be reversed and the cause remanded.

*Judgment reversed.*