ETHAN A. DURHAM, Plaintiff in Error, *v.* JEREMIAH L. BROWN, Defendant in Error.

### ERROR TO DE KALB.

Where a judgment is entered in vacation, by the clerk, the proper papers should be filed with him, and these become a part of the record, and a bill of exceptions is not necessary to bring them before the Supreme Court.

A power of attorney to confess the judgment should be filed; a statement that it was proved is not sufficient.

Confessions of judgment in vacation, before the clerk, are not judicial acts; they are contracts acknowledged of record, or conclusions of law.

THIS was a judgment confessed in vacation by virtue of a power of attorney.

The declaration, filed June 14th, 1859, was entitled in vacation, after the February term of the DeKalb county Circuit Court, A. D. 1859.

Declaration in usual form upon an assigned note.

This entry appears of record:

And afterwards, to wit, on the 14th day of June, 1859, there was on file, in the office of the clerk of the Circuit Court aforesaid, a certain promissory note, with letters of attorney to confess judgment thereon thereto attached, of which copies are given, pages 5, 6, 7.

Then follows a cognovit, signed O. S. Webster, attorney for defendant.

Record entry, June 14th, 1859.

And now at this day comes the said plaintiff, by Charles Kellum, his attorney, and files his declaration in an action of trespass on the case on promises, against the said defendant, and filed also a warrant of attorney, signed and sealed by the said defendant, the execution whereof is duly proven, authorizing any attorney of any court of record to appear in this court, waive notice of process and confess judgment in favor of said plaintiff and against the said defendant, for the amount due upon a certain promissory note annexed to said warrant, and also for $25, attorney's fees, besides the costs of this suit.

Thereupon came O. S. Webster, an attorney of this court, in behalf of said defendant, and files his cognovit and confesses judgment for $807.23, releasing all errors, and consenting to the immediate issue of execution.

Amount of note, $679.80, Dec. 12, 1856; interest at ten per cent. Judgment, June 14, 1859.

The following errors are assigned:

1. The declaration is entitled of vacation after February term, A. D. 1859, when there was no such term.

2. Because there is no sufficient proof of the execution of the warrant of attorney, nor does there appear, among the records and papers in the cause, any proof whatever of the same, to authorize a judgment to be entered thereon by the clerk in vacation.

3. General assignment.

B. C. Cook, for Plaintiff in Error.

E. S. Leland, and E. L. Mayo, for Defendant in Error.

Breese, J. There was no affidavit filed with the clerk, proving the execution of the power of attorney to confess the judgment. The statute provides that judgment by confession may be entered in certain courts, of which the Circuit Court of DeKalb is one, at any time in vacation, before the clerk, by filing the proper papers with the clerk, and such judgment shall have the same force and effect, from the time of entry, as if entered in term time. When the proper papers are filed, they become a part of the record, and no bill of exceptions is necessary to bring them before this court — they are on the record. This is the meaning of the statute. When the confession is by an attorney, one of the proper and indispensable papers would be the power of attorney. There was none in this case, and the statement that it was proved, is not sufficient.

We do not regard such confessions taken by the clerk in vacation as a judicial act. They are merely conclusions of law on contracts acknowledged of record, and so far as public convenience is concerned, avoiding expense and protracted litigation, should be encouraged.

For the want of the power of attorney, there being none filed, the judgment is reversed.

*Judgment reversed.*