## Nicholas P. Iglehart *et al.*

*v.*

## Buckner S. Morris.

1. JUDGMENT BY CONFESSION FOR TOO MUCH — *not error, if within the ad damnum.* It was assigned for error that a judgment by confession exceeded the amount of the note and interest and attorney's fee for which judgment was authorized to be confessed by the warrant of attorney. *Held,* that the amount of the judgment being within the *ad damnum* laid in the declaration, would not be reversed.

2. ERROR — *when remedy must be sought in the court below.* But if it be irregu-

lar to enter judgment in such case for more than is authorized in the warrant of attorney, application should be made in the Circuit Court where the judgment was entered, to correct it.

3. SAME — *proof of execution of warrant of attorney.* Where the record of a judgment by confession recites that the warrant of attorney was duly proved, that is sufficient. Such a case is distinguishable from that of *Durham* v. *Brown,* 24 Ill. 93, where the judgment was confessed in vacation before the clerk, and the proper papers were not filed before him.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE MANIERRE, Judge, presiding.

Buckner S. Morris filed his declaration in the court below against Nicholas P. Iglehart and Charles W. Clayton, on the 2d day of November, 1859, counting upon a promissory note executed by the defendant on the 17th of February, 1859, for $1,540.25, payable sixty days after date, with interest after maturity at ten per cent. per annum.

The damages laid in the declaration were two thousand dollars. The defendant also filed the note sued upon, a cognovit and a warrant of attorney to confess a judgment. The warrant of attorney bore even date with the note, and authorized a confession of judgment upon the note for the amount that should appear to be due thereon, with costs, and ten dollars attorney's fees. An amended record in the cause recites that the execution of the warrant of attorney was duly proved. A judgment was entered for the sum of $1,649.41, and costs.

The defendants bring the cause into this court upon writ of error, and insist the court below erred in rendering judgment without an affidavit or proof of the execution of the note and warrant of attorney; and also, in rendering judgment for a larger amount than was authorized by the warrant of attorney, alleging that the note, with $10 attorney's fee, amounted to only $1,633.87, when the judgment was rendered.

Messrs. ARRINGTON and DENT for the plaintiffs in error:

The declaration counted only on the note, the amount of which was as follows:

Principal.................................$1,540 35

Interest. at 10 per cent. after maturity, 6½ months,    83 43

$1,623 78

To which add attorney's fees as per power .....    10 00

Making ..................................$1,633 78

or $16.53 less than the amount of the judgment.

By act of January 14, 1857, p. 274 of Scates' Compilation, the Cook Circuit Court is considered as always open for the entry of judgments by confession.. Yet the proper papers, as stated in *Durham* v. *Brown*, 24 Ill. 93, should be filed.

Messrs. SCAMMON, McCAGG and FULLER for the defendant in error :

This case is distinguishable from that of *Durham* v. *Brown*; in that case the judgment was entered in vacation, and was reversed because there was no warrant of attorney on file ; here the record of the judgment recites that the warrant of attorney was duly proved, and this court will presume the court below had sufficient proof, until the contrary appear.

Mr. JUSTICE BREESE delivered the opinion of the Court :

The judgment in this case was entered on a cognovit, in the Cook Circuit Court. The record was brought here by writ of error, and a reversal sought on the ground that no affidavit was filed of the execution of the note or warrant of attorney, and that the judgment exceeds the amount of the note and interest and attorney's fee. On the last point, it will be observed the amount of the judgment is within the *ad damnum* in the declaration.

In such case we held in the case of *Plats* v. *Turrill et al.*, 18 Ill. 273, that on a writ of error the judgment will not be reversed. So it was held in *Thompson* v. *Turner*, 22 id. 389, that a judgment by default might be rendered against a defendant regularly served with process, for an amount greater than

is stated in the summons, if within the damages claimed in the declaration. But if it was irregular, application should have been made in the Circuit Court, where the judgment was rendered to correct it.

As to the other point, the amended record shows that the execution of the power of attorney to confess the judgment was duly proved. It is, therefore, not like the case of *Durham* v. *Brown*, 24 Ill. 93, cited by plaintiff in error. The judgment in that case was confessed in vacation before the clerk, and the proper papers were not filed before him.

We do not perceive any error in the record, and accordingly affirm the judgment.

*Judgment affirmed.*