# PICKARD & MUNGER

*v.*

# BATES & TOWSLEE.

1. DEPOSITIONS—*in suits at law.* The deposition of a resident witness may be taken and read in a suit at law, even when there has been no affidavit filed as required by the statute, when it is taken by the consent of the party against whom the deposition is sought to be read.

2. PLEADING—*when one must declare specially—recovery under the common counts.* In an action to recover for services rendered under a special contract, which has been substantially performed by the plaintiff, and nothing remains but the payment of money, recovery may be had under the common counts, and the plaintiff need not declare specially upon the contract.

3. And it is not essential to such recovery that the contract should have been waived by the defendant; and especially, it would not be necessary to prove both performance by the plaintiff, and waiver of performance by the defendant.

4. MEASURE OF DAMAGES—*in such case.* Of course the recovery in such cases must be limited to the amount due under the special contract.

APPEAL from the Superior Court of Chicago.

The case is sufficiently stated in the opinion of the Court.

Mr. S. ASHTON, for the appellants.

Messrs. BATES and TOWSLEE, *pro se.*

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit, brought by Bates & Towslee against the appellants, to recover the value of certain professional services. The jury gave the plaintiffs a verdict for nine hundred and seventy-five dollars. The first objection taken by the counsel for the appellants is founded upon the admission of the deposition of Hooper, it being urged that he was a resident of Chicago, and that no affidavit was filed as required by the statute. It is sufficient to say, on this point, that the deposition was taken by the written consent of the counsel for the appellants.

It is further urged that the defendants' second, third and fourth instructions were improperly refused. The declaration contained only the common counts, and the instructions referred to were as follows:

2d. If the jury shall believe, from the evidence, that the services claimed to have been rendered by the plaintiffs, and for which this suit was brought, were rendered in pursuance of a written or special agreement between the parties, then the plaintiffs cannot abandon the written or special contract, and recover in this suit, unless the jury shall further believe, from the evidence, that the plaintiffs were prevented from performing on their part the conditions of the contract by the acts of the defendants.

3d. If the jury shall believe, from the evidence, that there was a written or special agreement between the parties as to the price to be paid for the services rendered, and for which this suit is brought, then the plaintiffs cannot recover in this suit, unless they have been released from the performance of the contract on their part by the acts of the defendants.

4th. The jury are instructed that, if there was a written or special contract between the parties to this suit, as to the services performed by the plaintiffs, and for which this suit is brought, and by the terms of such written or special contract the plaintiffs were to do certain things, and perform certain

4—38TH ILL.

services, before the defendants could be called upon for payment, then in law it was a "*condition precedent*" on the part of the plaintiffs, and they are not at liberty to disregard the contract, or perform it otherwise than according to its terms; and the plaintiffs cannot maintain this suit upon a "*quantum meruit*" for the services rendered under the contract, unless the jury shall believe, from the evidence, that the plaintiffs have been released from the same, or have been prevented from performing on their part, by the acts of the defendants, and that the plaintiffs are required to prove the precedent performance on their part according to the terms of such written or special contract, before they are entitled to recover.

The second and third instructions were properly refused, because they assume that, if there was a special contract, there can be no recovery under the common counts, unless the special contract had been waived. This is not true. If there was a special contract, and it had been substantially performed by the plaintiffs, and nothing remained but the payment of money, the plaintiffs were entitled to recover, even under the common counts, by proving such performance. Of course the recovery, in such case, must be limited to the amount due under such special contract. But the contract need not be declared upon. It may be used as evidence under the common counts, with proof of performance. The fourth instruction was properly refused, because inconsistent and contradictory. It required the jury to believe, in order to find a verdict for the plaintiffs, first that the performance had been waived or prevented, and secondly that performance had been proven. It was clearly unnecessary to prove both performance by the plaintiffs, and waiver of performance by the defendants.

We are constrained, however, to reverse this judgment, because the verdict was for a much larger sum than can be sustained by the evidence. On the trial the defendants introduced in evidence a letter from the plaintiffs to one of the defendants, written after the services had all been rendered, in which they claimed five hundred dollars as the amount

agreed to be paid to them, and requested payment of that sum. That letter was as follows:

"CHICAGO, 10 JUNE, 1863.

"MR. E. H. MUNGER, Buffalo.

"*Dear Sir :*

"We learn, through Mr. Pickard, "that the matter of the lands at Manitou Island, and the suits "in embryo, have been settled. Mr. Pickard, last fall, when "here, engaged to pay us as a retainer, and for the arrange- "ment we made for him with Goodrich and Bacon, *when the* "*matter was settled, five hundred dollars*, and directed us to "draw upon you for the amount, to be charged N. Pickard "& Co. We have, therefore, made a draft upon you for $500, "at ten days' sight, which please honor. We send copy of "Pickard's letter on the subject.

[Signed,]                    "BATES & TOWSLEE."

The defendants further proved that Pickard's letter, of which a copy was sent in the foregoing, the original being in the possession of the plaintiffs, was as follows:

"CHICAGO, Nov. 29th, 1862.

"E. H. MUNGER,

"*Dear Sir :*

"When the business of N. Pickard "& Co. is closed, by allowance of account of actual expenses "at the land office in Washington, D. C., pursuant to the "proposition this day made to Geo. C. Bates, by Hon. James "M. Edwards, Commissioner of the General Land Office, or "on better terms, if they can get them, we are to pay Messrs. "Bates & Towslee, *five hundred dollars for their services*, "which you will please to have paid, and charge to account "of N. Pickard & Co., *as agreed upon between myself and* "*Messrs. Bates & Towslee.*

[Signed,]                    "N. PICKARD & CO."

It is perfectly manifest from these letters, that on the 10th

of June, 1863, the appellees only claimed $500, and there is no pretence that any services were subsequently rendered.

It is also urged by the counsel for the appellants, that there was a special contract for the rendition of certain professional services, and that this contract was not performed by the plaintiffs. Admitting that these letters indicate there was a special agreement, it is quite clear, from the evidence, that whatever the parties may have understood as to the services to be rendered, those actually rendered were highly satisfactory to the appellants, and accepted by them as a performance. The arrangement for the purchase of the land from the Government at $2 50 per acre, which the appellants considered so advantageous to themselves, although not carried out directly with the Government, was carried into effect on the same terms with the patentee of the lands, and the prosecution for cutting the timber was dropped. The fact that the appellants thought proper to employ additional counsel in Detroit, did not prejudice the rights of the plaintiffs. We reverse the judgment merely because the verdict was too large. The costs of the amended abstract will be taxed against the appellants.

*Judgment reversed.*