## FRANCIS ELDER

### v.

### ARCHIBALD HOOD.

1.  PLEADING—*when necessary to declare specially—recovery under the common counts.* A recovery can not be had under the common counts in assumpsit upon a contract, the consideration of which remains executory.

2.  But when an agreement has been performed in all its parts, except the payment of money by one of the parties, the other may sue and recover under the appropriate common counts.

3.  EVIDENCE—*when sufficient.* In an action of assumpsit, under a count for land sold and conveyed, the production of the deed of conveyance executed for the land by the plaintiff, and proof that no money was paid on the delivery of the deed, will authorize a recovery.

· 4.  PAROL EVIDENCE—*acknowledgment of the receipt of the consideration¯in a deed.* The acknowledgement in a deed of conveyance of land, of the receipt of the purchase money, is but a receipt for money, and is subject to be contradicted, explained or varied by extrinsic evidence.

5.  PARTNERS—*when one partner may sue another at law.* The fact that one partner sells his individual property to his co-partner, does not constitute it partnership property, or the proceeds of the sale joint funds; nor is the vendor precluded from suing his vendee at law, and recovering the purchase money.          .

6.  WHEN MONEY BECOMES DUE. On a sale of property, the purchase money becomes due upon the delivery of the property to the purchaser, when no time is specified for the payment. And this rule applies as well to the sale of real estate, as to that of personal property.

7.  The application of this rule is not at all qualified by the fact that the vendee had a right, under the contract of purchase, to apply certain moneys which he expected to receive from another source for the vendor, as a payment upon the purchase money. The vendor would still have the right to insist upon payment of the purchase money when it became due under the rule above laid down, although the vendee had not yet received the money from the source indicated.

WRIT OF ERROR to the Circuit Court of Randolph County; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit commenced in the court below by Archibald Hood against Francis Elder at the August Term 1862. The declaration contained the common count, only, for real estate sold and conveyed. Defendant plead 1st, general issue; 2nd, payment; 3d, satisfaction. Upon a trial the plaintiff offered in evidence an agreement signed by the plaintiff and defendant, dated May 10, 1861, showing that Elder sold and assigned to Hood the exclusive right and liberty of making, constructing, using and vending the improved Mattress and Bed, for which Elder obtained a patent from the United States Patent Office, dated July 10, 1860, within and throughout Illinois and thirteen other named states, except certain counties; also the power of granting to others the right of making, constructing and using and vending the same.

And Hood therein covenanted to pay Elder one-half of the proceeds of selling to others the right so to do within the limits aforesaid; said Hood to pay all in selling said Mattress and Bed, and of selling to others the right so to do; and said Hood was allowed to retain one half the proceeds belonging to Elder until it amounted to $5087, and apply the same to Elder's indebtedness to Hood for said land, with ten per cent. interest from date of contract. Each to bear equally any loss from failure or inability to pay of those with whom Hood might contract in the matters above stated. Said assignment of patent to continue during the whole existence of said letters patent, unless otherwise mutually agreed by said parties.

The defendant introduced an agreement signed by said plaintiff and defendant of same date, by which it was agreed that possession of said lands shall not be required by Elder until the 1st of March, A. D. 1862, and that Elder should receive the pay for rent thereof, as Hood was to receive it, viz: $2 00 per acre for all lands cultivated or in cultivation during the year, to be paid January 1st, A. D. 1862.

Defendant also introduced a deed in fee simple, of same date, for land attached in this suit, made by Hood and wife to

Elder, in consideration of $5087 in hand paid, the receipt whereof was therein acknowledged.

Plaintiff introduced as rebutting testimony a witness who testified as follows: " I was present when Hood made that deed to Elder. I wrote the deed and papers—there was no money paid in my presence except my fees as Notary Public."

This last testimony was objected to by the defendant. Objection overruled by the court, to which defendant excepts. At plaintiff's request the court gave to the jury the following instruction:

If the plaintiff has shown that the defendant bought land from him at a particular price, without there being any time fixed for the payment thereof, then the same is presumed in law to be now due, and unless the same or part thereof is shown by the defendant to be paid, you are to find for the plaintiff the whole amount proved to be due, together with the interest agreed upon. And the fact if proved that Hood had a right to apply moneys made by a patent right, upon the same, does not prevent him from suing for the same and obtaining judgment therefor.

To which instruction defendant excepted. Verdict for plaintiff for $6,285 25. Motion for new trial by defendant overruled.

The defendant thereupon sued out this writ of error. The questions arising in the case are, *first,* whether the plaintiff should have declared specially upon the contract of sale of the land, or whether the purchase money could be recovered under the common count for land sold and conveyed; *second,* whether the evidence was sufficient to warrant a recovery; *third,* whether the acknowledgment in the deed of the receipt of the purchase money precluded any inquiry as to the fact in that regard; *fourth,* whether the fact that the plaintiff and defendant were partners in the patent right would prevent a recovery at law of the purchase money of the land; and *fifth,* whether the instruction given lays down the correct rule as to the time when the purchase money became due and payable.

Mr. W. H. UNDERWOOD, for plaintiff in error.

Mr. H. K. S. O'MELVENY, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is objected that the count should have been special on this contract, and that a recovery could not be had under the common count. As regards unexecuted contracts, such is the undoubted rule; but the practice is well settled, that when an agreement has been performed in all of its parts, except the payment of the money, by one of the parties, the other may sue and recover under the appropriate common counts. This rule is familiar, and it is believed to be of general, if not uniform application. When, therefore, defendant in error executed the conveyance for the land, he had fully performed his part of the agreement, and nothing remained to be done, but for plaintiff in error to pay the purchase money, and failing to do so, the action of assumpsit could be maintained, and a recovery had under the count, for real estate sold and conveyed.

It is likewise insisted, that the proof fails to sustain the declaration. Plaintiff below introduced the deed executed by himself to defendant in error, in evidence, by which it appears that the land was conveyed; and he also proved by the scrivener who drew the deed and the articles of agreement, that no money was paid on the purchase, at the time the conveyance was executed and delivered. It likewise appears by the agreement of the parties, that defendant in error was to retain from the proceeds of the sale of the patent right, of the first money received a sufficient sum out of the half belonging to plaintiff in error, to pay the purchase money for the land, with ten per cent. interest. This evidence clearly shows that the purchase money was not paid when the deed was delivered; nor is there any evidence in the record that it has been subsequently paid.

It is however urged, that the receipt of the money is acknowledged in the deed. This is true, but the rule is well recognized, both by the courts of Great Britain, and in this country, such an acknowledgment, in a deed of conveyance, is but a receipt for money, and like any other receipt, is subject to be contradicted, explained or varied in its terms, by extrinsic evidence. Whilst the deed must speak for itself, in all other respects, the acknowledgement of the payment of the money, is only treated as a receipt, and is governed by the rules of evidence applicable to such instruments.

It may be, that the parties to this transaction may have become partners in the sale and profits growing out of the patent right, yet it does not follow, that they also became partners in this land. If the land was conveyed by defendant in error, as the consideration for the transfer of an interest in the patent right to him, by plaintiff in error, he has failed to show the fact, and their agreement only shows that the land was purchased, and that it might be paid for out of the proceeds of sales of the patent right. The agreement does not show that this was the only mode of payment contemplated by the parties. The fact that one partner sells his individual property to another partner, has never been held to render it firm property, or its proceeds joint funds, nor to prevent vendor from suing and recovering the purchase money. We are, therefore, of the opinion, that the action may be maintained.

It was further insisted, that the instruction given for defendant in error was improper. We are unable to see any objection to this instruction. It asserts that if defendant in error sold the land to plaintiff in error for a specified price, and no time was fixed for payment, then the same is presumed in law to be due; and unless the same or a part thereof is shown to have been paid, they should find the whole amount proved to be due, with interest, for the plaintiff. And the fact that plaintiff had the right to apply moneys received from the patent right upon the same, would not preclude a recovery. We

35—38TH ILL.

know of no rule of law which renders a sale of real estate an exception to the general implication which the law raises, that when property is sold, and no time is specified for payment, that the money is due, when a delivery of the property sold is made to the purchaser. And this rule applies to every species of property when sold, and no reason is perceived why an exception should obtain in relation to real estate. And we have seen, that the right given by the written agreement of the parties to defendant in error, to apply moneys received by him for plaintiff in error, in payment for the land, did not preclude defendant in error from insisting upon payment before the money should be received from that source. We are, after an attentive examination of the record in this case, unable to perceive any error for which the judgement of the court below should be reversed, and it must be affirmed.

*Judgment affirmed.*