## Henry Gottschalk, v. Samuel Smith.

1.  COMMON COUNTS—*What is Recoverable Under Them.*—When the terms of a special contract have been so far performed that nothing remains but a debt or duty to pay money, the amount due may be recovered under a general count.

2.  MONEY HAD AND RECEIVED—*The Action for, When it Lies.*—The action for money had and received may be maintained, whenever the defendant has obtained money of the plaintiff, which in equity and conscience he had no right to retain.

3.  SPECIAL CONTRACT—*Under the Common Counts.*—However special the contract is, if not under seal, and the plaintiff has performed it, and the defendant received under it the benefit for his own use, an appropriate common count will be sufficient as a declaration.

4.  PARTNERSHIP—*When it Does Not Exist.*—Where a transaction engaged in is but a single adventure, in which there is no property and no element of loss, the elements necessary to constitute a partnership in the legal sense of that term are wholly lacking.

Memorandum.—Assumpsit.  Common counts.  Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1894, and affirmed.  Opinion filed June 4, 1894.

APPELLANT'S BRIEF, LACKNER & BUTZ, ATTORNEYS.

Where two or more parties agree together to purchase lands, taking the title thereto in the name of one of said parties, and that they will each use their best efforts to sell said lands, and will divide equally the profits arising from such sale, said agreement creates the relation of partnership between the parties, and the profits derived from such sales are partnership funds.   Winstanley v. Gleyre, 146 Ill. 27; Roby v. Colehour, 135 Ill. 300; Boone v. Clark, 129 Ill. 488; Merrill v. Colehour, 82 Ill. 626.

One partner can not sue another at law for any matter relating to the partnership concerns, unless there has been a final settlement between them, a balance ascertained, and an express promise to pay such balance.   Davenport v. Gear, 2 Scammon 495; Chadsey v. Harrison, 11 Ill. 156; Burns v. Nottingham, 60 Ill. 532.

APPELLEE'S BRIEF, ST. JOHN, FRENCH & MERRIAM,
ATTORNEYS.

So long as the contract continues executory, the plaintiff must declare specially, but when it has been executed on his part and nothing remains but payment in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts, or he may declare specially on the original contract, at his election. Greenleaf on Evidence, Sec. 104.

The joining of two or more persons in a single adventure in which the profits are to be equally divided does not constitute them partners in such a sense as will oust a court of law of its jurisdiction. Fawcett et al. v. Osborn et al., 32 Ill. 411; Snell v. DeLand, 43 Ill. 323; Adams v. Funk, 53 Ill. 219; Hawley v. Walton, Admr., 63 Ill. 260.

If the partnership business consists of a single venture or transaction, which is closed up and finished, and there are no accounts with third persons to adjust or debts to be provided for, the action at law may be maintained for an adjustment of the partnership affairs, though no final balance has been struck. Clark v. Miller, 36 Kan. 393; Frye, executor, etc., v. Potter, 12 R. I. 542; Williams v. Henshaw, Pick. 79; Wheeler v. Wheeler, 111 Mass. 247; Wright v. Crunisty, 41 Pa. St. 102.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit to recover one-half of the profit realized by the appellant in negotiating the sale of 147 acres of land in Cook county.

The profit made was $30 per acre, or $4,410, and the court below, to whom the cause was submitted without a jury, gave judgment in favor of appellee for one-half of that amount, and from that judgment this appeal is prosecuted.

It would serve no useful purpose to review and analyze the conflicting evidence of the parties to the suit as to what their agreement was.

Gottschalk v. Smith.

The appellant, who was defendant below, moved the court to exclude all the plaintiff's evidence tending to show that the defendant promised to pay the plaintiff one-half of the profit arising out of the sale of the land, on the ground that the evidence was inadmissible under the declaration, which motion was overruled.

The declaration consisted of the common counts, including one for money had and received.

The agreement of the parties related to but a single transaction and that had been fully executed. Nothing remained to be done except to pay over the money, and in such a case an action for money had and received is the proper remedy. Tunnison v. Field, 21 Ill. 108; Pickard v. Bates, 38 Ill. 40; Elder v. Hood, 38 Ill. 533.

"It is a familiar rule that when the terms of a special contract have been so far performed that nothing remains but a mere debt or duty to pay money, then the amount due may be recovered under a general count." 1 Chitty Pl. Note f, p. 350.

"It is the well recognized doctrine, that the action for money had and received may be maintained, whenever the defendant has obtained money of the plaintiff, which in equity and conscience he has no right to retain." Taylor v. Taylor, 20 Ill. 650.

"However special the contract, not under seal, if the plaintiff has performed it, and the defendant received under it the benefit for his own use, in general some common count will suffice." Zjednoczenie v. Sadecki, 41 Ill. App. 329.

The evidence not only tended to prove, but we think, with the court below, that it did prove the existence of an agreement between the parties to exert themselves together, and separately, to procure a sale of the land at a price in excess of what the owner was willing to take, and to divide the profit equally; that the land was sold and the profit received by the defendant, and that he refused to pay over to the plaintiff the one-half thereof, which amounted to the sum for which judgment was rendered.

The motion of the defendant was, therefore, most properly overruled. Railway Co. v. Velie, 140 Ill. 59; Palmer v. Johnson, 84 Ill. 269; Lawrence v. Ins. Co., 5 Ill. App. 280.

Evidence was offered by appellant, in order to prove that the purchase of the land by the railroad company to whom it was sold came about through the intervention of the appellant alone, and without the aid or suggestion of appellee, which offered evidence was excluded by the court.

We think the court ruled correctly in that regard. The evidence was immaterial. There is no pretense to the contrary of the fact offered to be proved. The agreement of the parties contemplated separate services by each one in whatever direction results might be produced, and both parties did, in fact, separately and together make efforts to sell to several parties. The appellant does not claim that in the particular transaction with the final purchaser he performed any services. The venture between them was that both should exert themselves to make a sale, either together or separately, and in the resulting profit each should share. Under such an arrangement neither one could have all the profit, although his efforts were the effective cause of the result, and neither one could claim of the other an allowance for his increased labor and time spent over that given by the other.

It is argued by counsel that if any relationship whatever existed between the parties with reference to the sale of the land, it was one of partnership, and that therefore the action would not lie in the form it was brought. The agreement here contemplated nothing but a single transaction in the profit of which the parties were only jointly interested. Nothing was to be bought by the parties; they were to incur no expenses or debts; they were merely to perform a particular service with reference to a single subject, and share the profit.

The elements necessary to constitute a partnership in the legal sense of that term are wholly lacking where the transaction engaged in is but a single adventure, in which there is no property and no element of loss. Hawley v. Walton,

63 Ill. 260; Fawcett v. Osborn, 32 Ill. 411; Adams v. Funk, 53 Ill. 219; Snell v. DeLand, 43 Ill. 323.

It is contended that William Gottschalk, the father of the appellant, was a party to the agreement that was made and is entitled to a one-third share of the profits, if that agreement shall be so extended as to apply to the sale of the land to the railroad company.

There is some evidence tending to show that William Gottschalk took part in the conversation between the parties, but nothing was shown that will on that account warrant us in disturbing the judgment.

The judgment will be affirmed.