### Edward Coleman v. Willis E. Wiley.

1. APPELLATE COURT PRACTICE—*Abstract, Motion for a Continuance.* Where error is assigned upon the overruling of a motion for a continuance by the court below, and the affidavit upon which the motion was based, does not appear in the abstract, the court will not consider it.

2. CONSTABLES—*Levying upon Property Exempt, etc.*—Under section 5 of the act to exempt personal property from attachment and sale on execution, an officer is liable to the party injured for levying upon property exempt, for double the value of such property.

**Memorandum.**—Trespass. In the Circuit Court of La Salle County, on appeal from a justice of the peace; the Hon. CHARLES BLANCHARD, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

C. P. GARDNER and MAYO & WIDMER, attorneys for appellant.

E. S. BROWNE and BROWNE & AYERS, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT. This is a suit by appellee against appellant, a constable,

for levying an execution upon exempt property and subsequently selling it.

The suit was commenced before a justice of the peace, and there judgment was recovered by appellee for $200. Appellant prosecuted an appeal to the Circuit Court, where a trial was had, resulting in a like judgment.

In the Circuit Court appellant moved for a continuance, but the motion was overruled. He now urges that the overruling of the motion was error, because his motion was supported by an affidavit showing good grounds for a continuance. The affidavit does not appear in the abstract, and for that reason the point will not be considered.

The only contention made upon the merits of the case, is that the property taken was the partnership property of appellee and a Mr. Richards, and being partnership property, was not exempt. It is true that appellee and Richards had started a saloon, and were to be partners in the business if Richards should obtain money he was expecting, to put into it. Richards failed to obtain the money, and some ten or fifteen days before the levy of the execution, Wiley told him he must get out, which he did, voluntarily leaving the entire business and property to Wiley and claiming no interest in it. The firm was thereby dissolved by mutual consent, and the property levied upon was not partnership property.

We see no substantial error in the instructions. Judgment affirmed.