# 636    Appellate Courts of Illinois.

## Edgar H. Kellogg, Edgar B. Kellogg and The Iowa Life Ins. Co. v. John J. McClellan and Benjamin F. Cummings.

1.  Appellate Court Practice—*Insufficient Abstracts.*—In the preparation of abstracts it is the duty of attorneys to relieve the court of the necessity of hunting through the record for the purpose of ascertaining if the errors are well assigned.

Creditor's Bill,—Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

W. W. Bristol, attorney for appellants.

C. C. Spencer, attorney for appellees.

Mr. Presiding Justice Gary delivered the opinion of the Court.

Only Edgar B. Kellogg has any interest in this appeal, unless it be that sort of interest which Edgar H. Kellogg may have growing out of the natural aversion which a man may entertain, inducing him to say, with Lord Byron, "with the sincerest regret, I will pay my creditors."

The appellees are judgment creditors of Edgar H. Kellogg, and as such filed this bill to reach moneys payable to him by the insurance company, and claimed by the other Edgar, son of his father.

Two questions arise, or at least are argued.

First: Whether the answer of Edgar B. is responsive to any charge in the bill, and therefore to be overcome by evidence or taken as true. The brief, in arguing that it is so responsive, refers us to Rec. 22; but looking at the side paging of the abstract we find that pages 19 to 33 are abstracted as follows:

19.  Prayer for relief requires defendants to answer under oath.

23.  Interrogatories, 1 to 15, bill.

33.    Prayer for service and for injunction.

We look no further.    Westphal v. Austin, 39 Ill. App. 230; Coleman v. Wiley, 56 Ill. App. 466; Mallers v. Crane Elevator Co., 57 Ill. App. 283, and Vocke v. Peters, 58 Ill. App. 338, are a few of many cases disregarded in the preparation of abstracts to facilitate the discharge of duty by a court burdened to the limit of human industry.

The other question is whether any money was absolutely payable to Edgar H. Kellogg by the insurance company when the bill was filed; not whether the time of payment had arrived, but whether the time of payment would certainly come.    On that subject the brief refers us to the contract between Edgar H. Kellogg and the insurance company, and to enable us to find the contract refers to Rec. 182, Abst. 14, which last is an abstract of the answer of Edgar H. Kellogg setting out his allegation of what the contract is; but that is not evidence for Edgar B.

The contract was probably put in evidence, for the abstract says:

" 271.    Complainants offer copy of contract between Edgar H. Kellogg and Company in evidence (for contract see Record 271)."

Which we decline to do.

In all seriousness I have written this screed, in the hope that by its singularity it may attract the more attention to neglects which, overlooked in one case would be unjustly visited with appropriate consequences in any other, and which, if overlooked, impose upon the court labor which it is the duty of the bar to relieve the court from.

The abstract being quite insufficient to present the errors, if errors there be, in the decree, it is affirmed.