## Matthias P. Streff et al. v. John Colteaux.

1. SIGNATURE—*By Rubber Stamp.*—The court is not aware of any authority to the effect that one may not sign his name by an impression made with a rubber stamp. It is ordinarily the act of making a paper one's own that is important, rather than the manner of doing it.

2. PLEADING—*Common Counts—When Sufficient.*—There is a plain distinction between actions on executory contracts and actions on contracts fully performed, so that nothing remains to be done but to pay money due thereon; in the latter case common counts are sufficient.

3. APPELLATE COURT PRACTICE—*Matters to be Abstracted.*—Matters relied upon to reverse the judgment complained of must be abstracted.

Assumpsit, for commissions, etc.—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

D. J. HAYNES, attorney for plaintiffs in error.

WHEELER, AUSTIN & LENNARDS, attorneys for defendant in error; COOK & MOFFETT, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this action the plaintiff below filed a declaration containing three special counts in assumpsit, the second of which is, substantially, the common *quantum meruit* count. To this declaration the defendant below filed a special demurrer, which was in his absence overruled.

Thereafter, also in the absence of the defendant below, a trial, verdict and judgment for the plaintiff were had.

It is said that the declaration was signed only by an impression thereon of the names of plaintiffs' attorneys, made by a rubber stamp.

We are not aware of any authority to the effect that one may not so sign his name. It is ordinarily the act of making a paper one's own that is important, rather than the manner of so doing. Am. & Eng. Ency. of Law, Vol. 27, p. 781.

The demurrer to the declaration was properly sustained and the judgment of the Circuit Court is affirmed.


MR. JUSTICE WATERMAN ON REHEARING.

In a petition for rehearing, counsel urge that it is error to permit a default to be taken on a pleading to which an interposed demurrer remains undisposed of. The abstract filed by the same counsel shows that on October 29, 1895, the demurrer to the plaintiff's declaration was overruled; this was to the amended declaration, to which Mathias P. Streff demurred, being the only declaration then in the case and on which default was entered November 7, 1895.

There is a plain distinction between actions on executory contracts and actions on contracts fully performed, so that nothing remains to be done but to pay the money due thereon. In the latter case the common counts are sufficient. Chitty on Pleadings, Vol. 1, p. 350–359; Tunison v. Field, 21 Ill. 108; Pickard v. Bates, 38 Ill. 40; Elder v. Hood 38 Ill. 533.

Counsel also urge that it was error to enter judgment against Gustavia Streff, she not being a party to the amended declaration. The abstract prepared by counsel

fails to show the entry of a judgment against Gustavia Streff. Matters relied upon to reverse must be abstracted. Kellogg v. McClelland, 62 Ill. App. 636.

As appears from the record, there is no judgment against Gustavia Streff. The petition for a rehearing is denied.