# CASES

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1898.

## William E. Hughes v. Grant Foreman.

1. ATTACHMENTS—*Where the Defendant Enters into a Recognizance.*
—Where a defendant in attachment proceedings enters into a recogni-
zance in conformity with the provisions of Sec. 15, Ch. 11,'R. S. entitled
"Attachments," the character of the suit as a proceeding *in rem* is
changed to a proceeding *in personam*, as completely so as if it had
been originally commenced by an ordinary summons and no attach-
ments issued.

2. SAME—*When the Writ Becomes Functus Officio—Amendments.*—
When a person enters into a recognizance in conformity with the statute
the writ of attachment becomes *functus officio* and the action is changed
to a proceeding *in personam*, and the court may permit amendments in
the same manner.

3. SAME—*Interest Accruing During the Pendency of the Proceedings.*
—In attachment proceedings the recovery is limited to the amount
stated in the affidavit, and the interest thereon accruing during the pend-
ency of the proceeding.

4. VARIANCES—*In Attachment Suits.*—In attachment suits no ad-
vantage can be taken of a variance between the declaration and the
affidavit in the amount of damages stated, except where the declaration
counts upon a different cause of action from that stated in the affidavit.

**Attachment Proceedings.**—Trial in the Circuit Court of Cook County;
the Hon. FRANK BAKER, Judge, presiding. Finding and judgment for
plaintiff. Appeal by defendant. Heard in Branch Appellate Court at
the March term, 1898. Affirmed. Opinion filed October 21, 1898.

C. M. HARDY, attorney for appellant.

(460)

GRANT FOREMAN, attorney *pro se;* FARSON & GREENFIELD, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This cause was heard below by the court without a jury, and the evidence being conflicting upon the facts, the findings as to them by the trial judge are as conclusive upon this court as the verdict of a jury would be, there being, as we have found upon a full consideration of it, abundant evidence upon which to base the findings. Questions of law, therefore, are all that remain to be considered in this opinion.

It is urged by appellant that error was committed by the refusal of the Circuit Court to enter judgment in favor of appellant, who was defendant in that court, quashing the writ upon the issue made by the demurrer of appellee, plaintiff below, to appellant's first plea in abatement.

The writ was in attachment, and appellant pleaded to it matter in abatement, to which plea appellee demurred; and the demurrer being overruled, it is said by appellee the law gave judgment that the writ be quashed, and it was error for the trial court to refuse judgment for appellant; and authorities are cited to the effect that when a plea in abatement prevails the suit is necessarily at an end.

Instead of giving judgment for appellant, the court gave leave to appellee to file an amended declaration.

There was no error in such action by the court. On the next day after the writ issued, and before any of the foregoing proceedings, adverse to the writ, were had, appellant entered into a recognizance in conformity with the provisions of Section 15, Ch. 11, Starr & Curtis' Ed., Rev. Stat., entitled "Attachments," and thereupon the character of the suit as a proceeding *in rem* was changed, and "became a proceeding *in personam* as completely as if it had been originally commenced by an ordinary summons and no attachment had ever been sued out." Hill v. Harding, 93 Ill. 77; Sharpe v. The W. J. Morgan Co., 44 Ill. App. 346.

The writ was then *functus officio,* and its previous effect

and operation were "completely annihilated," as said in the first above cited case, and the case being one *in personam* and as "if originally commenced by an ordinary summons," it was entirely proper for the court to permit the filing of an amended declaration. Rev. Stat., Starr & Curtis' Ed., Sec. 1, Chap. 7, entitled "Amendments and Jeofails," and Sec. 3, Ch. 1, entitled "Abatement."

To the amended declaration the appellant pleaded also in abatement, alleging a variance between the writ and amended declaration. To such plea appellee's demurrer was sustained, and appellant was ordered to replead, which was done by filing the general issue and a plea of set-off, and upon the issues so made the trial was had.

It is now contended that error was committed in sustaining this last demurrer.

The alleged variance was, as stated in the plea, that " The writ of attachment issued herein, on the face thereof, demands of the defendant the sum of $500 debt and no more; and the said amended declaration does not pursue said writ of attachment or demand the same sum of money as debt and costs claimed by the plaintiff, but said amended declaration is broader in the amount demanded and alleged as damages, and varies from said writ of attachment in this, that the writ of attachment by its terms is for a demand of $500 and no more, and the plaintiff's amended declaration is for another and different and larger sum of money, that is to say, for $1,000 mentioned and demanded in and by said declaration of damages."

We regard this last mentioned contention as being within the principle laid down in Plato v. Turrill, 18 Ill. 273, that in an attachment suit no advantage can be taken of such variance, except where the declaration counts upon a different cause of action from that stated in the affidavit. In that suit the affidavit was to an indebtedness of $302, while the declaration concluded in damages of $500. The court there said : " The writ follows the affidavit and it is not to be supposed the plaintiff can swear, in all cases, to the precise amount due, or damages sustained; besides,

interest may accrue during the pendency of the proceeding which would justify a judgment for more than the amount due at its commencement." See also Tunnison v. Field, 21 Ill. 108.

The earlier Illinois cases relied upon by the appellant appear to be such as are within the exception stated in Plato v. Turrill, *supra*, viz.: where the declaration counts upon a different cause of action from the one stated in the writ, and, we think, do not apply to a case where the variance is merely in the declaration laying damages at a sum larger than the sum stated in the writ.

The remaining contentions, including those upon propositions of law held and refused by the court, depend upon whether the trial judge found the facts of the case correctly, and there being ample evidence tending to support his findings, we do not feel justified in disturbing his conclusions.

No reversible error appearing in the record, the judgment of the Circuit Court is affirmed.