Harman Coal Company, Defendant in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railroad Company and Chicago and Northwestern Railroad Company, Plaintiffs in Error.

### Gen. No. 16,711.

1. DEPOSITIONS—*affidavit for taking.* The provisions of revised statutes Chap. 51, § 25, requiring a satisfactory affidavit to be filed when depositions are sought of witnesses residing in a different county should be substantially complied with unless the deviation is waived by the consent of the parties.

2. COSTS—*when on failure to take depositions properly denied.* Under revised statutes Chap. 51, § 29, providing for certain costs when depositions upon oral interrogatories are not taken, after notice, such costs, cannot be taxed in a case where the depositions were not taken, because a proper affidavit had not been made, and where this omission was known and not waived by opposing counsel before he had incurred the expenses in question.

Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

GLENNON, CARY, WALKER & HOWE, CHARLES A. VILAS, H. T. BALLARD and W. J. COLEMAN, for plaintiffs in error; L. J. HACKNEY and EDWARD M. HYZER, of counsel.

SEITZ, BRYAN & WILBER, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This action was commenced in the Municipal Court of Chicago, February 3, 1910, by Harmon Coal Company, defendant in error and hereinafter called plaintiff, against the two railroad companies, as defendants, to recover loss and damage to a certain carload of coal in transit. On February 16, 1910, the attorney for plaintiff served upon the attorneys for the defendants a notice that the depositions of certain witnesses upon oral interrogatories would be taken on March 7, 1910, beginning at 10 o'clock A. M., before a notary public, at the office of the Eldorado Coal & Mining Company, in the city of Eldorado, Illinois. After the receipt of said notice and before the time fixed for the taking of said depositions, the attorneys for the defendants ascertained that plaintiff's attorney had failed to file in said court a "satisfactory affidavit," as provided by Section 25 of Chapter 51 of the statutes of this state. Knowing this to be so, the attorneys for the defendants nevertheless left Chicago, appeared at Eldorado at the time and place set for the taking of said depositions, and there entered an objection to the taking of the testimony of the witnesses on the ground that the notice was insufficient and invalid, and not according to the statute, in that no "satisfactory affidavit" had been filed. Plaintiff's attorney then endeavored to get the defendants' attorneys to waive their objection, saying that the witnesses were present and that he was ready to proceed with the taking of their testimony, but defendants' attorneys refused to do so. Whereupon plaintiff's attorney decided not to take the depositions and the same were not taken. On April 1, 1910, the attorneys for the defendants entered a motion in the case to tax costs, supported by the affidavit of one of the attorneys for the Chicago & Northwestern Railroad Company, in which it was stated that affiant ap-

peared at the time and place mentioned in said notice, that the depositions were not taken, that in going to Eldorado and returning to Chicago affiant had traveled a distance of 622 miles, and was entitled under the statute (Sec. 29, Chap. 51, Rev. Stat. Ill.) to an attendance fee of $2.00 and mileage, at six cents per mile, amounting to $37.32, or a total sum of $39.32. A similar affidavit was filed by one of the attorneys for the Cleveland, Cincinnati, Chicago & St. Louis Railroad Company, in which the same amount was claimed. Counter affidavits were filed, and after hearing and argument before one of the judges of the Municipal Court, the motion to tax as costs said attendance fees and mileage was denied. Plaintiffs in error seek by this writ to reverse that ruling.

We think that the ruling was correct. Section 25 of Chapter 51 of the statutes of this state requires that a "satisfactory affidavit" be filed when it is sought to take the depositions of witnesses residing in this state but in a different county from that in which the court is held. And the provisions of such a statute should be substantially complied with, and no material deviation therefrom will be allowed "unless by the agreement and consent or waiver of the parties to the suit." Corgan v. Anderson, 30 Ill. 95; Pickard v. Bates, 38 Ill. 40. In this case the attorneys for the opposite parties expressly refused to waive one of the plain requirements of the statute, and because of their refusal the depositions were not taken. Section 29 of Chapter 51 provides that "when a party to a suit shall give the opposite party notice to take a deposition upon oral interrogatories, and shall fail to take the same accordingly, unless such failure be on account of the non-attendance of the witness, not occasioned by the fault of the party giving the notice, or some other unavoidable cause, the party notified, if he shall attend himself or by attorney, agreeably to the notice, shall be entitled to $2 per day for each

day he may attend under such notice, and to six cents per mile," etc. We do not think that by virtue of the provisions of this section of the statute costs should be imposed upon the plaintiff under the facts in this case. Defendants' attorneys knew before they made their trip to Eldorado that one of the statutory requirements for the taking of the depositions had not been complied with. If it was not their intention to waive that statutory requirement, it was unnecessary for them to go to Eldorado, Illinois, merely for the purpose of making their objections. The objection as to the lack of the affidavit could have been made to the Municipal Court, after the receipt of the notice, either before the time set for the taking of the depositions, or within apt time thereafter. "Statutes, which impose costs, are to be construed strictly, as such statutes are penal in their character, and are regarded as creating liabilities which did not exist at common law" (Gehrke v. Gehrke, 190 Ill. 166). The judgment of the Municipal Court is affirmed.

*Affirmed.*