# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

OF CASES DETERMINED AT

## JANUARY TERM, 1863, AT SPRINGFIELD.

———◆———

JOHN CORGAN, and JACOB READLEMAN, Appellants, *v.* CORNELIUS ANDERSON, Appellee.

### APPEAL FROM PULASKI.

The practice is well settled in this State to move to suppress depositions of non-resident witnesses, after leave has been obtained to open them, and before the trial is entered upon.

The court will usually notice only such objections as are specially made before the trial.

Notice to take a deposition, accompanied by a copy of the interrogatories, must be given to the adverse party, ten days before the *dedimus potestatem* is sued out, and an affidavit that notice and a copy of the interrogatories was given to the adverse party ten days before a specified day, is insufficient. The court cannot know that that notice was given ten days before suing out the dedimus.

The statute, as to taking depositions of non-resident witnesses, must be substantially complied with, and no material deviation therefrom will be allowed, unless by agreement and consent, or waiver of the parties to the suit.

THIS was an action of assumpsit in the Union Circuit Court, taken by change of venue to Pulaski. The facts of the case are sufficiently stated in the opinion.

J. DOUGHERTY & SON, for Appellants.

W. H. GREEN, and MULKEY & NELSON, for Appellee.

BREESE, J. We might, with great propriety, refuse to consider this case, for the reason, that no sufficient abstract has been furnished under the rule. The record is quite voluminous, and the writing barely legible, rendering a full abstract essential to a proper understanding of the case.

We gather from it that it was an action of *indebitatus assumpsit*, for goods, wares, and merchandise, and barrels of whisky, sold and delivered by the plaintiffs, doing business as partners, to the defendant. The pleas were, non-assumpsit; set-off, with an account filed of the sale and delivery of certain goods, etc., and barrels of peach brandy, by the defendant to the plaintiffs; and payment. There was a trial by jury, and verdict for the defendant for five hundred dollars. A motion for a new trial was made and overruled, and exceptions taken. Pending this motion, the defendant entered a remittitur of eighty dollars and ninety-two cents, whereupon the court overruled the motion, and rendered judgment for four hundred and nineteen dollars and eight cents, and costs.

The case is brought here by appeal, and it is assigned for error: overruling the motion for a new trial; in permitting the deposition of R. C. Gordon to be read as evidence; in permitting his answers to interrogatories three, four, five, six, seven, eight and nine, to go to the jury; and in permitting an affidavit of notice to take the deposition, after a motion had been made to exclude it.

It appears from the record, that before the cause was called for trial, the deposition of R. C. Gordon, of St. Louis, Missouri, having been filed, the plaintiffs, by their attorney, moved the court to suppress it, for these reasons: Because no notice was given of the time and place of suing out; and because the deposition does not relate to the plaintiffs. No other objections, of any character, have been made to the deposition. The court, on motion of the defendant's attorney, granted him leave to file the following affidavit, as evidence of the service of notice on the attorney of the plaintiffs. After entitling the cause, "Wesley Davidson, one of the attorneys for defendant in the above styled cause, being first duly sworn, says, that more than ten days before the 13th

day of March, 1861, he delivered to John Dougherty, one of the attorneys for the plaintiffs in the above styled cause, a correct copy of the within notice and annexed interrogatories, for the taking of the witness therein named. Sworn to," etc. To all this, exception was taken by the plaintiffs. The motion to suppress the deposition, on the reasons assigned by the plaintiffs, was then overruled, and exceptions taken.

On the trial of the cause, the following exception to the deposition was taken: "Plaintiffs except to the deposition of Robert C. Gordon; they except to the reading in evidence the answers to interrogatories three, four, five, six, seven, eight, nine, and each of them respectively, because such answers are irrelevant."

These are the principal points to be considered. It is the well settled practice in all the courts of this State, to move to suppress depositions, especially those of non-resident witnesses, after leave has been obtained to open them, before the trial is entered upon. The grounds of the motion are also to be specially stated, so that the defects, if any exist, may be supplied, if possible. As a general rule, the court will notice only such objections as are specially made. If objections are not made before the trial, they cannot, usually, unless they are such as can be obviated, be made afterwards.

The only objections made to the deposition of Gordon, before the cause was called for trial, were, that notice had not been given of the time and place of "suing out," (*dedimus* is understood); and because the deposition does not relate to the plaintiffs.

To supply the first defect, the affidavit of Davidson was introduced.

The statement in it, that he served the attorney of the opposite party, with a correct copy of "the within notice, and annexed interrogatories, more than ten days before the 13th of March, 1861," is far from sufficient to obviate the objection. Chapter 40, title "Evidence and Depositions," Sec. 10, provides that ten days previous notice, with a copy of the interrogatories intended to be put to the witness, shall be given the adverse party, before the *dedimus potestatem*

Corgan et al. *v.* Anderson.

is sued out of the office of the clerk of the Circuit Court. (Scates' Comp. 257.) This is to give time to that party to file cross-interrogatories, to go out with the *dedimus*. No *dedimus* accompanies this deposition, so that we cannot see and know that a notice given more than ten days before the thirteenth of March, as stated in the affidavit, was a notice given ten days before the time of suing out the *dedimus*. From the record it would seem that the directions of the statute referred to, have been wholly disregarded. The affidavit should not have been received, as it did not cure the want of notice, and for want of notice the deposition should have been suppressed. The objections made to the deposition on the trial of the cause, came too late.

Many substantial objections might have been taken to the deposition, which seem, from the record, to have been overlooked. In the first place, it does not appear to have been taken under a *dedimus* or otherwise, before any judge or other officer, or commissioner appointed to take it. Second, it is not entitled in the cause, nor does it make any reference to the cause in which it was read; nor does it show when or where it was taken, or that any notice was given of the suing out a *dedimus*, or any other notice. Notwithstanding these objections, if they, or some of them, were not urged before the trial, as ground for suppressing the deposition, it could, no doubt, be read to the jury; for a deposition, never so defective and objectionable, can be read as evidence, by consent and unchallenged. The want of notice was alone urged, and that was sufficient to exclude the deposition. This deposition established a large portion of the defendants' claim, and was therefore material.

It is highly necessary, that the provisions of the statute regulating the mode of taking the deposition of a non-resident witness, should be substantially complied with. It is an important instrument of evidence unknown to the common law, and no substantial or material departure from the statute can in any case be allowed, unless by the agreement and consent or waiver of the parties in the suit.

We forbear any discussion of the merits of the controversy,

deciding the single objection only, which was taken to the deposition, before the cause was called for trial. Sustaining that objection, reverses the judgment of the court. As there are merits in the controversy, the cause is remanded for further proceedings.

*Judgment reversed.*