TIMOTHY MOSHIER

*v.*

KNOX COLLEGE.

1. EXCEPTIONS TO DEPOSITIONS — *when to be taken.* All exceptions to depositions which go to their form or to the incompetency of witnesses must be made before the case is called for trial and submitted to the jury.

2. So, if a witness, whose deposition has been taken in a suit in chancery, is disqualified on the score of interest, the objection should be taken in the court below, by a direct application, to exclude the deposition. A party is not permitted to remain silent while the cause is progressing and then raise such objections at the hearing, or in the appellate court.

Moshier *v.* Knox College.

3. EVIDENCE — *its relevancy.* A bill was filed to foreclose a mortgage, making a subsequent purchaser party defendant, but there was no averment of notice. It was held that evidence relating to the question of notice would not be regarded as irrelevant, merely because of the want of such averment in the bill, when both parties had proceeded as though that were in issue, introducing testimony on that question.

4. AMENDMENT OF BILL — *at the hearing.* The reason of the rule that material amendments should not be made on the hearing of a cause is that they may surprise the adverse party. But when both parties treat a question as though it were in issue, introducing testimony in reference to a matter concerning which there is no averment in the bill, it would occasion no surprise and would not be improper, to allow the bill to be amended at the hearing, by inserting an averment in relation to that matter.

5. SAME — *withdrawing replication.* The rule requiring the replication to be withdrawn before an amendment of the bill can be allowed, relates only to material amendments.

6. CONTINUANCE — *amendment of the bill — surprise.* Where an amendment of the bill is allowed at the hearing, under the circumstances above mentioned, the defendant not being surprised, and no new matter introduced, he could not claim a continuance on account thereof.

7. SUBSEQUENT BONA FIDE PURCHASERS. To constitute a subsequent purchaser of land, a *bona fide* purchaser for a valuable consideration, so as to enable him to defeat a prior mortgage given to secure purchase-money upon the same premises, it must appear, not only that he had a conveyance of the land, legal in form, but that he actually paid for the land before he had notice of the mortgage. It is not sufficient that he may have secured the payment of the purchase-money.

8. SUBSEQUENT PURCHASERS WITH NOTICE — *as trustees.* If a subsequent purchaser of land, with notice of a prior mortgage, sells the premises, he will hold the purchase-money he may receive in trust for the mortgagee.

APPEAL from the Circuit Court of Knox County; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was a suit in chancery, instituted in the court below by Knox College against William B. Patterson, Timothy Moshier, the appellant, and others, for the foreclosure of a mortgage executed to the complainant by Patterson, on the 1st day of January, 1856, upon the north half of the north half of the south-east quarter of section number twenty-one, in township eleven, north of range one east of the fourth principal meridian, in Knox county, and duly recorded in the proper office on 24th of April following. The mortgage was given to secure a

promissory note given by Patterson to the complainant, of the same date, for the sum of seven hundred and fifty dollars, the purchase-money of the land mentioned in the mortgage.

It was alleged in the bill, that Moshier, Gilpin and some other of the defendants had, or claimed to have some interest in the mortgaged premises, or some part thereof, as purchasers, mortgagees or otherwise, which interests, if any, had accrued subsequent and subject to the mortgage of the complainant. The bill concluded with the usual prayer for a decree of foreclosure and sale.

Moshier answered the bill, admitting the execution of the note and mortgage as alleged, and the recording of the mortgage at the time mentioned; but avers that he has an interest in the premises which is not subject to the mortgage — that on the 5th day of March, 1857, Patterson executed and delivered to him a quit-claim deed of conveyance of the land in question, which was filed for record in the office of the recorder of Knox county, on the 19th of the same month.

A general replication was filed, and reference made to the master to take proof. The master made his report of evidence, and the cause came on for hearing. The complainant read in evidence the note and mortgage mentioned in his bill, and rested his case.

The defendant then introduced his deed from Patterson to him, and rested.

The complainant then proposed to read the evidence of William B. Patterson, one of the defendants, reported by the master in chancery, to which the defendant then, for the first time, objected, on the ground that said Patterson was a party to the suit and interested in the result thereof. But the court allowed the testimony to be read, and the defendant excepted.

The complainant also proposed to read the testimony of John C. Stewart, taken before the master on the part of the defendant Moshier, who objected, stating that the witness was present, and he intended to call him himself. But the court overruled the objection, and permitted the testimony of Stewart to be read by the complainant. The defendant subsequently

introduced the said Stewart, as a witness on his behalf, and examined him in reference to the question upon which Patterson had already given evidence, on the part of the complainant, whether he, the defendant Moshier, had notice of the complainant's mortgage at the time he took his deed for the premises from Patterson, the mortgagor. Upon this question the testimony was conflicting, but preponderated in favor of the complainant.

It appears further, from the evidence, that on the 21st of March, 1857, subsequent to the conveyance by Patterson to Moshier, Patterson sold the same land to Gilpin, with the consent of Moshier, Gilpin giving his note for the purchase-money to Patterson, who, at the same time, assigned it to Moshier, the latter executing a conveyance for the land to Gilpin.

After the evidence in the cause was closed, and before the decree was announced, the court allowed the complainant, against the objection of the defendant Moshier, to amend his bill by inserting the following averment:

The complainant avers that the said defendants, Timothy Moshier and J. D. Gilpin, had notice at the time of the acquiring of the title to said premises by them, and of the execution of the deed and title to them and each of them, of the fact of the execution of said mortgage, and of the fact that the purchase-money aforesaid was wholly unpaid, and well knew the same at the time of the purchase of said premises and that the same was still due and owing to said complainant.

The defendant then entered a motion for the further continuance of said cause, on the ground that said amendment was material, changing the issues between the parties, and that the defendant was entitled to put in a further defense.

The court overruled the defendant's motion for a continuance, and the defendant then and there excepted.

The court thereupon entered a decree of foreclosure and sale, in pursuance of the prayer of the complainant's bill. From that decree Moshier took this appeal, and now insists:

1. The court erred in admitting the testimony of W. B. Patterson;

2. In allowing the complainant to amend his bill at the hearing of the cause;

3. In overruling respondent's motion for a continuance;

4. In decreeing a sale of the mortgaged premises.

Mr. E. W. HAZARD, for the appellant.

1. William B. Patterson was incompetent to testify in behalf of the complainant, on the question whether Moshier had notice of the mortgage before he took his conveyance, because it was to the interest of the witness that the premises should be sold to pay the mortgage debt. Patterson had given to Moshier a simple deed of release, without any covenants against incumbrances, and if the land should be sold to satisfy the mortgage, Patterson would be relieved from that debt without being liable over to Moshier. This rule as to Patterson's liability to Moshier is subject only to the qualification, that where a vendor fraudulently conceals from the purchaser an incumbrance, he is liable to the purchaser. Sugden on Vendors, p. 10, § 29.

2. The evidence of Patterson touching the question of notice, was irrelevant, that question not being in issue; there was no averment in the bill that Moshier had notice of the mortgage.

3. It was improper to permit the bill to be amended on the hearing, upon a material point. *Cumming's Heirs* v. *Gill's Heirs*, 6 Ala. R. 562; *Bowens* v. *Idley*, 6 Paige, 46; *Dodd* v. *Astor*, 2 Barb. Ch. R. 395.

4. Moreover, after replication filed, the bill could not properly be amended but on withdrawing the replication. *Thorn* v. *Germand*, 4 Johns. Ch. R. 363.

Mr. T. G. FROST, for the appellee.

1. The objection to the competency of Patterson as a witness came too late at the hearing; it should have been taken

by motion to suppress the deposition before the hearing. *Kimball et al.* v. *Cook*, 1 Gilm. 424; *Frink* v. *McClung*, 4 id. 577; *Webb et al.* v. *The Alton Marine and Fire Ins. Co.*, 5 id. 225.

2. But Patterson was not disqualified on the ground of interest. *First*, because, independent of his own testimony, and on the face of the papers, his interest, in any possible contingency, was equally balanced. Moshier took his deed, either with full knowledge of the mortgage and subject to it, or without such knowledge, the fact being concealed from him by Patterson. If Patterson concealed the fact from him, it is conceded by the counsel for the appellant, that Moshier could recover if the mortgage should be paid by a sale of the premises. Sug. on Vend. p. 10, § 29.

But suppose there was no fraud or concealment on the part of Patterson, and Moshier had full knowledge of the mortgage at the time he took his deed, then, as counsel for the appellant insists, the *legal presumption* is, " that Moshier purchased *subject to incumbrances*," upon that assumption how does the question of the competency stand?

If Moshier purchased subject to the incumbrances and knowing of the mortgage, whether there was or was not an express agreement on his part to pay it, the *land* in such case becomes in equity the *primary* fund for the payment of the debt. The vendor sells only the equity of redemption, and the parties are presumed to deduct the incumbrance in estimating the value of the land and fixing the price on its sale, and in such case, the vendor and mortgagor can compel the vendee in equity to allow the mortgage debt to be satisfied out of the land, though the whole of it may be required for that purpose. The vendee is presumed to have only purchased the equity, and it is the equity only that the vendee is entitled to after payment of the mortgage. Now, if this was the case, then if the college failed, Patterson would still be equally secure, as he would still have the right to subject the land in the hands of Moshier to the payment of his mortgage debt, and it would be wholly immaterial whether the land became subject to the payment of

the mortgage by means of the college recovering in this fore-closure suit, or whether in the event they failed, the land became subject to to the payment of the debt in Patterson's suit against Moshier. . *Vanderkemp* v. *Shelton*, 11 Paige Ch. R. 29 ; *Tice* v. *Annin*, 2 Johns. Ch. R. 128 ; *Heyer* v. *Pruyn*, 7 Paige Ch. R. 470 ; *Marsh* v. *Pike*, 10 Paige, 595 ; 9 Paige, 445 ; *Forester* v. *Lord Leigh*, Amb. 171 ; *Tweddle* v. *Tweddle*, 2 Bro. C. C. 101, 152; *Butler* v. *Butler*, 5 Ves. 534 ; Powell on Mort. by Coventry, 863 ; Cox's note to *Evelyn* v. *Evelyn*, 2 Peere Wms. 664.

Again, the competency of Patterson as a witness depended not merely on the evidence introduced by the defendant to prove him disqualified, but upon his own testimony, also, which was proper to be considered by the court in determining the question. For the rules in regard to the mode of examination, by whom and at what stage of the the trial evidence may be elicited upon the question of the competency of a witness, see 2 Cowen's Treatise, 433, 436, and cases there cited.

That Patterson was a competent witness, notwithstanding the difficulty or contingency which might attend the future prose-cution of his claim against Moshier in regard to proof, in case . he was compelled to pay his note and to fall back upon Moshier for reimbursements, is abundantly established by the following authorities : *Curtenius et al.* v. *Wheeler*, 5 Gilm. 478 ; 14 Wend. 593 ; 7 Hill, 58. To disqualify the witness, his interest must be certain, legal and immediate in the result of the suit. 1 Stark. Ev. 102 ; 1 Greenlf. Ev. § 387 ; *Lake* v. *Auburn*, 19 Wend. 18 ; *Page* v. *Thomas*, 6 Mees. & Wels. R. 732 ; *Mil-ward* v. *Hallet*, 2 Caines, 77 ; *Greeley* v. *Dorr*, 2 Metc. 176 ; *Martineau* v. *Woodland*, 12 Eng. Com. L. R. 453.

There was no error in allowing the bill to be amended on the hearing, because, *first*, no amendment was actually necessary, and, *second*, the whole matter had been litigated on the question of notice, and the court had ample power to fit the pleadings to the actual issue made by the parties. 11 Ill. R. 194 ; 18 Ill. 347 ; 23 Ill. 580 ; 4 Paige N. Y. Ch. R. 85 ; 3 Gilman, 512,

21

546 ; 5 Gilman, 225 ; 13 Ill. 33, 35, 249 ; 1 Vol. Ill. Digest, 389 ; 11 Paige N. Y. Ch. 454 ; 10 Peters, 211.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, filed by Knox College, against William B. Patterson, Timothy Moshier, the appellant, and others, to foreclose a mortgage executed for the security of the purchase-money of the lands described in the mortgage. The bill is in the usual form, alleging the execution of the note and mortgage on the first day of January, 1856, and recording same on the 24th of April, 1857, and the failure to pay the money due. The bill then alleges that the appellant, Moshier, and the other defendants, claim some interest in the premises, or some part of them, as purchasers, mortgagees, or otherwise, which has accrued subsequent to the lien of the mortgage, and subject to that lien. The prayer is in the usual form.

Moshier alone answered the bill, admitting the mortgage and recording of it, as charged in the bill, but denied any knowledge, information or belief, of the amount paid by Patterson, or the sum then due, if any, upon the mortgage, except as derived from the bill. He claimed an interest in the premises by virtue of a deed executed and delivered by Patterson to him on the 5th day of March, 1857, and recorded on the 19th of the same month, and denied that this interest, so created, was subject to the complainant's lien, and denied that it had accrued subsequent thereto.

A general replication was put in, the case set for hearing, proofs were taken, and the cause heard, and a decree of foreclosure and sale passed. The appellant brings the record to this court and assigns as error thereon: admitting the testimony of Patterson; allowing the complainant to amend his bill at the hearing; overruling appellant's motion for a continuance; and in decreeing a sale of the premises.

The testimony of Patterson is objected to as incompetent on the ground of interest. It was taken in writing before the master in chancery, and reported to the court. Both parties were present at the examination, and he was cross-examined by

the appellant's counsel. No objection was then made to him as incompetent for any cause, nor did the plaintiff in error move to suppress the deposition before the hearing; it was, therefore, too late, on the hearing, to raise the objection. The rule has been long settled that an objection of this nature must be made before the trial of the cause. *Kimball et al.* v. *Cook*, 1 Gilm. 424. In *Frink* v. *McCreery*, 4 id. 577, this court said it is a well established and universal rule on the circuit, that all exceptions to depositions which go to their form, or to the incompetency of the witnesses, must be made before the case is called for trial and submitted to the jury. So in the case of *Webb et al.* v. *The Alton Marine and Fire Ins. Co.*, 5 id. 225, this court said, if the witness was disqualified on the score of interest, the objection should have been taken in the court below, by a direct application to exclude the deposition. A party is not permitted to remain silent while the cause is progressing, and then raise such objections at the hearing, or in the appellate court. Such a practice would occasion much delay and inconvenience, and often operate as a fatal surprise to the adverse party. *Corgan* v. *Anderson*, 30 Ill. 95; *Gregory* v. *Dodge*, 14 Wend. 593.

But it is said the testimony of Patterson was irrelevant, inasmuch as there was no question of notice of this mortgage in issue by the pleadings, the only fact in issue being the existence of a deed from Patterson to appellant for the land, and the recording of it, prior to the recording of complainant's mortgage.

Technically, this was so, but the parties on both sides, made the case to turn upon this very question of notice, and that was held and considered by them and by the court, as the only issue between them. It surely was the understanding of the appellant on the trial, that the issue was whether he had knowledge of the complainant's deed at the time he took a deed, and that it was the only issue. If this was not so, why did the appellant introduce the testimony of Stewart? His testimony was sought for the purpose of showing facts inconsistent with such knowledge. Indeed, the whole case proceeded on this ground.

The record shows the whole controversy was to prove notice. The parties had contended all along, as if there was an averment of notice in the bill, so that appellant cannot complain of surprise, because an amendment was made on the hearing to let in proof of notice. The proof, by the consent, and without objection by appellant, was already in, and the mere formality of amending the bill to let it in, cannot be erroneous. The reason of the rule that material amendments should not be made on the hearing of a cause, is, that they may surprise the adverse party. Such, we have seen, could not have been the effect in this cause, even if the amendment was a material one. As the controversy had proceeded all along, on the question of notice, it was hardly necessary to amend the bill, so that it should contain the allegation of notice. The rule requiring the replication to be withdrawn before an amendment can be allowed, relates only to material amendments, which this was not, under the circumstances shown. The party then not being surprised by this amendment, no new matter having been introduced by it, could not claim a continuance on account thereof. The character of the controversy was not changed by the amendment. *Martin* v. *Russell et ux*, 3 Scam. 342.

On the remaining point, that the court should not have decreed a sale of the premises, we have to observe, that the proofs are very strong in favor of the complainants' right to have the premises sold to satisfy their mortgage. Though there are some discrepancies between the testimony of Patterson and that of Stewart, which we will not attempt to reconcile, there is sufficient shown to satisfy us that appellant held the title to these premises in trust for Patterson, for after his release to appellant, he sold the land with appellant's consent, to Gilpin, who executed to Patterson his notes for the purchase-money, which Patterson afterwards assigned to appellant. If he was not such trustee of the title, he was of the money which was left in his hands by Patterson on the sale to him, with which to pay off this claim of appellees, and in either view he is not injured by the decree.

But, apart from all this, the appellees ought to retain this decree, because it is shown the indebtedness was for the purchase-money of the premises, and appellant has not shown he was a *bona fide* purchaser for a valuable consideration, paying his money at the time on the faith of the title so purchased. It was incumbent on the appellant to show not only that he had a conveyance for this land, legal in form, but that he actually paid for the land. It is not sufficient that he may have secured the payment of the purchase-money. He must have paid it in fact before he had any notice of appellees' prior equitable title. That is an essential element in the equity, which must exist in order to support appellant's claim, which he attempts to uphold. If he has not paid the purchase-money, no wrong is done him by taking from him a legal title, which has cost him nothing. The answer does not aver that any part of the purchase-money has ever been paid, and he has failed to show that any was paid. It cannot, therefore, be said that the appellant had any equity to support his legal title, and, consequently, he ought not to retain it against the equitable title of the complainant. This is the view taken by this court in the case of *Moon et al. v. Welsh,* 18 Ill. 347, and is applicable to the facts of this case. The justice of the case is manifestly with the appellees, and the decree in their favor was right and must be affirmed.

*Decree affirmed.*