## M. GARCIA CAVASOS V. TOMAS GONZALES.

1. Depositions may be taken in a foreign language when the witnesses are unable to speak English.    When introduced in our courts, they can be translated by a sworn interpreter.

2. This court would hold that no revenue stamp was ever requisite upon judicial proceedings in the State courts, but the present case does not present the question.

3. An application to put witnesses under rule in civil cases is addressed to the discretion of the court.

ERROR from Cameron.    Tried below before the Hon. E. Dougherty.

The facts are sufficiently stated in the opinion of the court.

*Nestor Maxan* and *I. B. Bigelow,* for plaintiff in error.

*Ballinger, Jack & Mott* with *P. Nickels* and *F. Cummings,* for defendant in error.

WALKER, J.—This was a trial of the right to certain one hundred and ninety-two sacks of wool, levied on by the plaintiff in error as the property of Panfilo Garcia, and claimed by the defendant in error.    The result of the trial was a verdict in favor of Gonzales, the claimant, on which the court entered judgment.

The case comes to us on error. Various exceptions were taken on the trial by counsel for plaintiff in error, which will be noticed in their order.

First—That all the depositions should have been excluded; and the reason assigned is, that they were written in the Spanish language. The witnesses could speak no other. Our statute declares the answers of the witness shall be taken. How can this be done, if not in the language of the witness? And though the Legislature probably only meant to require the words of the witness, in giving his evidence, to be written down without change or comment, yet we can but regard the literal application of the rule to a case like the one at bar as very necessary and proper. Under a *dedimus potestatem*, we send a commission to a foreign country to take the evidence of witnesses who do not speak our language, and perhaps the officer, before whom the testimony is to be taken, does not. Let it then be taken in the language of the witness; and when it comes before the court and jury, it may be translated by a sworn interpreter. Counsel for plaintiff in error appear to think we are in danger of suffering great abuse should this license serve to let in the Burmese or Esquimaux. We think not, if we can find interpreters learned in those recondite languages.

The second error is, that the affidavit of Marcus Gonzales had no revenue stamp upon it. Probably the reason was, that it did not want any. The repeated protests of the State courts against the constitutional power of Congress to require a stamp upon their proceedings, had led to the repeal of the law requiring it before he affidavit was made. And if the law had not been repealed we should hold, with our sister States of Massachusetts, Indiana, Michigan and Kentucky, that no stamp was necessary.

The third assignment of error is, that the court refused to put the witnesses under rule. The district judge had a right to refuse, and we find no fault with him for so doing.

There is no force in the fourth, fifth, or sixth assignments of

error.   The trial appears to have been conducted with much fairness, and the verdict is very fully supported by the evidence. The judgment is affirmed, with costs to defendant in error.

Affirmed.