## GREGG & CO. v. R. FITZHUGH.

1. Defendant received from plaintiffs a sum of money in payment for flour which he contracted to deliver to the plaintiffs at M., by a certain date, and at a stipulated price per hundred pounds. *Held*, that on non-performance by defendant, the plaintiffs were entitled to recover their money with legal interest; or they might proceed for damages, and recover the highest market price of such flour at M., at any time between that specified for delivery of the flour and the day of trial.

2. Numerous decisions of this court have already established that it is error to exclude a written instrument as evidence, merely because the proper amount of revenue stamps had not been affixed to it. (Dailey v. Coker, 33 Texas, 815, and other cases, cited by the court.)

ERROR from Collin. Tried below before the Hon. W. H. Andrews.

This case was tried below in 1870, before the revenue stamp questions were regarded as settled by this court.

The defendant demurred to the plaintiff's evidence, and the court below rendered judgment for the defendant; but the rulings of this court do not necessitate a detail of the matters proved. The written instrument was a receipt for the money advanced by the plaintiffs to the defendant, and contained also the latter's undertaking to deliver the flour at Marshall within limited times. Only two cents revenue stamps were affixed to it, and the court below admitted so much of it as receipted for the money, but excluded the remainder.

*Joseph Bledsoe,* for the plaintiff in error.

No brief for the defendant in error has reached the reporter.

WALKER, J. This action is brought to recover a large sum of money advanced by the plaintiffs in error, to the defendant, on a contract wherein it is alleged the defendant undertook and promised to deliver at Marshall, Texas, flour to the value of the amount advanced, to wit, three thousand seven hundred and fifty dollars, at the rate of five dollars and fifty cents per hundred pounds.

The plaintiff is entitled to recover, in this action, the money advanced, with lawful interest; or, if he pursues his remedy for damages, the measure of damage would be the highest market price of flour, at Marshall, at any time between that specified for the delivery of the flour, and the day of trial.

The objection taken to the admission of the receipt in evidence should not have been sustained. (See Cavasos v. Gon-

zales, 33 Texas, 133; Taylor *v.* Duncan, ibid. 440; Mogelin *v.* Westhoff, ibid. 788; Dailey *v.* Coker, id. 815; also prior and subsequent decisions of the court.)

The ruling of the District Court was erroneous in excluding any part of the receipt, so called, from the jury. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.