EUBERWEG *v.* LA COMPAGNIE GENERALE TRANSATLANTIQUE.[1]

*District Court, E. D. New York.* June 5, 1888.)

DEPOSITIONS—FOREIGN WITNESS—INTERPRETER—DUTY OF STENOGRAPHER.

Witnesses for respondent were being examined through an interpreter, and, a difference arising as to the accuracy of the translation, respondent's proctor announced that the answers would be written down as translated by him, and the stenographer, on being appealed to by libelant's proctor, announced that he would do as respondent's proctor directed. Libelant's proctor thereupon withdrew, and the examination was completed in his absence. On motion to suppress the depositions, *held,* that libelant's proctor was justified in withdrawing, and the motion should be granted, even though it appeared that the depositions were not eventually taken in the manner complained of by libelant's proctor.

In Admiralty. On motion to suppress depositions as irregularly taken.

*Biddle & Ward,* for libelant.

*Coudert Bros.,* for respondent.

BENEDICT, J. This is a motion to suppress certain depositions. It is made on behalf of the libelant. There is a difficulty with the motion, arising out of the fact that the depositions complained of have not been filed, and that they are not mentioned with particularity. The depositions complained of were taken under these circumstances: Notice of taking the depositions of certain witnesses was given, and the proctors on both sides attended, and the taking of the depositions commenced. The witnesses were unacquainted with the English language, and were examined through an interpreter. A difference seems to have arisen as to the accuracy of the translations made, and the proctor for the claimant an-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

nounced that the stenographer would take down the answers of the witnesses as translated by him. To this the proctor for the libelant objected, and inquired of the stenographer as to his intention. The stenographer replied that, being employed by the claimant's proctor, he felt bound to take the instructions of the claimant's proctors in the particulars in dispute. Whereupon the libelant's proctor withdrew. It seems that after the withdrawal of the proctor for the libelant, the taking of the depositions was continued, and, as it now appears, not in accordance with the method announced to the libelant's proctor, that the stenographer would correct the translation of the interpreter. In this way several depositions were taken on behalf of the claimants, without the presence of any person on behalf of the libelant, and of course without cross-examination. The libelant's proctor now asks that the depositions so taken be declared irregular and be suppressed.

Upon the point in controversy my opinion is that the method of taking the depositions, which the libelant's proctor supposed to have been announced, and of which he now complains, was improper. The libelant's proctor was entitled to have the answers of the witnesses as interpreted by the sworn interpreter taken down by the stenographer. It is also my opinion that, after the notice given, and the statement made by the stenographer of his intention to take down the notes in accordance with the method directed by the claimant's proctor, the libelant's proctor was justified in withdrawing, in the belief that such intention would be carried into effect. It is my opinion, therefore, that the depositions taken after his withdrawal, without any disavowal of intention to follow that method, although not taken in accordance with the method complained of by the libelant's proctor, the same having been taken in the absence of the libelant's proctor, and without cross-examination, should be suppressed.