(Cuyahoga County Common Pleas.)
1901.

WILHELMINA MIERITZ v. METROPOLITAN LIFE INSURANCE COMPANY.

The deposition of a witness who does not speak English, taken in a foreign country, may be translated into the deposition, or it may be written in the foreign language, and translated from the deposition at the trial.

---

PHILLIPS, J.

Upon due notice, the defendant took depositions at Berlin, n Germany, before a notary public. The defendant was represented by counsel, and the plaintiff was not represented. All persons present spoke the German language, and the depositions were taken in that language. The notary made the requisite certificate under his official seal, and this is authenticated by the certificate of the director of the Royal Prussian Court of Justice, with the seal of that court attached, and this is further authenticated by the official certificate of our counsel general at Berlin.

The plaintiff excepts to the depositions, (1) because they are written and certified in a foreign language, and (2) because they are not properly authenticated.

1. The testimony of a witness who does not speak English must, of necessity, be first given in a foreign tongue, and then translated into English; and this is so, whether he testify in open court, or by deposition. Testimony so given through the medium of a deposition may be translated into the deposition, or it may be translated from the deposition at the trial.

Whether the one method of interpretation, or the other, shall be used, "does not seem to be a question that goes deeper than to touch considerations of precaution." 5 Mass., 219, 225; 35 Fed., 530; 83 Tex., 83, 89; 33 Tex., 133, 134; 4 Rich. L. Rep., 479, 485; 3 Jones on Ev. 683. Where all who are engaged in the taking of the deposition speak the foreign language, the deposition may, and sometimes must, be written in that language; but where only the witness and the interpreter speak the foreign language, the deposition should be written in English. In either case, the interpreter should be sworn, and his interpretation should be free from suspicion.

It is clear that if this testimony shall be translated here, upon the trial, in the presence of plaintiff's counsel, and under the supervision of the court, there may be less ground to suspect the fairness of the procedure, than if it had been conducted, *ex parte*, at the taking of the deposition.

2. It is claimed, in support of the exception for want of proper authentication, that authority of the Royal Prussian Court of Justice to authenticate the notary's certificate does not appear, nor does it appear that said court is of a rank that entitles its official acts and its seal to judicial recognition here; and it is contended that the official certificate of the consul general is without effect, as he is only the commercial agent of this government, and has no authority in the premises.

I should be favorably inclined to both these contentions, were it not for our statute, which makes the certificate of the notary, accompanied by his official seal, sufficient without further authentication. Section 5270 says that "depositions may be taken out of this state before a * * * notary public." Section 5279 says that depositions so taken "shall be admitted in evidence upon the certificate and signature of such officer, under his official seal, and no other or further act of authentication shall be required." Strangely, these statutory provisions have been overlooked by counsel on both sides.

Exceptions overruled.

*F. A. Beecher, H. DuLawrence, McKisson & Dawley,* for Plaintiff.

*Adams & Hotze,* for Defendant.