Reinhardt Fischer, Appellee, v. Pearl Abernathy et al., Appellants.

1. VENDOR AND PURCHASER, § 274*—*when decree awarding lien in favor of vendor to be discharged out of purchase price due vendee from contract purchaser is proper.* In proceedings for a vendor's lien, where certain premises were sold subject to a mortgage, the equity to be paid for partly in cash and the balance in monthly payments and the property to stand as security for the deferred payments, and the grantee, who was in fact acting for a third party, made a contract with the defendants for the purchase of the premises and defendants thereafter made payments to such third party, who was also a party defendant but did not appeal, and it appeared that the defendants still owed on the purchase price a sum in excess of that due complainant, and a lien was decreed against the premises in favor of complainant, to be discharged out of the balance of the purchase price still due, *held* that defendants were not injured by the decree awarding a lien, even though they purchased without knowledge of the lien of complainant; and as defendants were relieved by the decree from making payment to said third party,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

who was bound as a party to the proceeding, of whatever amount they were compelled to pay under the decree, the decree should be affirmed.

2. Vendor and purchaser, § 248*—*what is nature of vendor's lien.* A vendor's lien does not arise by virtue of a contract, but is a lien recognized in equity and arises in cases where the owner of land conveys the same by deed, thus devesting himself of the title, leaving all or part of the purchase money unpaid, and in such cases the grantor retains in equity a lien for such unpaid purchase money.

3. Vendor and purchaser, § 255*—*when innocent purchaser without notice takes land free from vendor's lien.* Where a vendee has purchased premises without having paid the purchase price, and where in equity the vendor would have a vendor's lien, if the vendee should convey the premises to an innocent purchaser for value, and the consideration be fully paid by such purchaser without notice, the latter would take the premises free of the lien.

Appeal from the City Court of East St. Louis; the Hon. H. L. Browning, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

N. W. Parden, for appellants.

Silas Cook, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

Appellee, being the owner of Lot 4 of Paul Abt's Subdivision of Lots 1 to 9 inclusive, in Block 21 of Claremont Addition to the City of East St. Louis, conveyed the same, subject to a mortgage of $1,000, to one Fronza I. Stewart by warranty deed dated on or about February 1, 1915. The consideration for said conveyance, subject to said mortgage, was $600, payable $30 cash, and $10 per month until the full amount of the consideration had been paid. The notes of the said Fronza I. Stewart were given for said deferred payments.

The evidence discloses that thereafter, on the first

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

day of May, 1915, the said Fronza I. Stewart, being an unmarried woman, conveyed said premises subject to said mortgage by warranty deed to appellants Nora V. Pitts and Baalam Pitts. Thereafter, said grantees borrowed from one Henry T. Renshaw the sum of $1,100 on said premises and paid off the mortgage for $1,000.

The evidence also discloses that after payment of the first five instalments of $10 each, to be paid by Fronza I. Stewart to appellee, no further payments were made and a bill was filed by appellee in the City Court of East St. Louis for a vendor's lien on said premises for the unpaid balance owing on said deferred payments. To this bill Pearl Abernathy, Fronza I. Stewart and Henry T. Renshaw, trustee, were made parties defendant, as well as appellants Nora V. Pitts and Baalam Pitts. The bill charges that the sale made by appellee was in fact made to Pearl Abernathy and that appellee did not know Fronza I. Stewart in the transaction; that the cash payment of $30 and the five payments on the deferred instalments were all made by Abernathy, and that Fronza I. Stewart merely held the title for his, Abernathy's, benefit.

The bill further charges that Abernathy sold said premises to appellants, and caused the conveyance to be made by Fronza I. Stewart; prays for an accounting and that whatever sum shall appear to be due appellee, together with costs of said proceeding, be made a lien on said premises, and that in default of payment by appellants, said premises be sold to satisfy the balance owing to appellee.

Answers were filed by appellants alone, and the other defendants being defaulted, said cause was referred to the master to take the evidence and report the same together with his conclusions of law and fact. The master made his report finding that, at the time of

the conveyance from appellee to Fronza I. Stewart, it was agreed between appellee and the said Abernathy that the premises conveyed should stand as security for the deferred payments, and also finding that the conveyance from Fronza I. Stewart to appellants Nora V. Pitts and Baalam Pitts was made on behalf of Abernathy, and that there was yet remaining due from appellants on the purchase price of said premises the sum of $630. The master further found that there was due to appellee on the purchase price of the premises conveyed by him to Fronza I. Stewart the sum of $550, and recommended that a vendor's lien be decreed against said premises to be satisfied by payment to appellee of the sum of $550 out of the balance of $630 owing by appellants on the purchase price of said premises.

The record further discloses that at the time of the conveyance by Fronza I. Stewart to appellants Nora V. Pitts and Baalam Pitts that a contract was entered into between Abernathy and said appellants, in which contract Abernathy was styled agent for Fronza I. Stewart. Said contract provided that appellants should pay the sum of $2,250 for said premises, $340 cash in hand and "$18.00 on the 15th day of July 1915, and a like sum on the 15th day of each and every month thereafter until all has been well and truly paid." No objection was made by appellants to the finding of the master that there was $630 due from them on said purchase price at the time of making of said report.

The evidence further discloses that the $340 cash payment was made by appellants to said Abernathy at the time said contract was executed and that something like four or five of the $18 payments had been made to him. The payments to appellee, being in default, he notified appellants to make no further payments to Abernathy, and the evidence discloses that no

further payments were made thereafter. The court approved the report of the master, except as to the finding that it was agreed at the time that appellee sold said premises he should have a vendor's lien thereon. A decree was entered finding that there was a balance of $520 owing to appellee on the premises conveyed by him to Fronza I. Stewart, and that there was $630 owing by appellants on the contract entered into by them with Abernathy, and decreeing a lien against said premises in favor of appellee to be discharged by appellants out of the balance of $630 owing by them on the contract with Abernathy. From this decree appellants Nora V. Pitts and Baalam Pitts prosecute this appeal.

Appellants assign as error the decree establishing a lien for $520 in favor of appellee to be satisfied out of the balance of $630 owing by appellants on the contract made with Abernathy. So far as the record discloses, the deferred payments owing by appellants were evidenced only by the contract entered into between them and Abernathy as agent for Fronza I. Stewart. Said contract is still held by Abernathy, and as no notes were executed in connection therewith, appellants are in nowise injured by said decree, as they make no question as to the finding that they still owe the sum of $630 on the purchase price of said premises, being an amount in excess of the lien established in favor of appellee. If the law warrants a lien of this character, we see no reason why the decree of the trial court should not be affirmed.

A vendor's lien does not arise by virtue of a contract, but is a lien recognized in equity and arises in cases where the owner of land conveys the same by deed, thus devesting himself of the legal title, and where some part or all of the purchase price remains unpaid. In such case the grantor retains, in equity, a lien for the unpaid purchase money. *Robinson v. Appleton,* 124 Ill. 276; *Croft v. Perkins,* 174 Ill. 637.

Appellants, as we understand, do not question this principle of law, nor its applicability to cases where the question arises as between the vendor and the vendee, but insist that they are innocent purchasers of appellee's vendee without notice, and that therefore these cases do not apply. It is unquestionably the law that where a vendee has purchased premises without having paid the purchase price therefor, and where in equity the vendor of said premises would have a vendor's lien, if said vendee should convey said premises to an innocent purchaser for value, and the consideration therefor be fully paid by such purchaser without notice of the vendor's lien, he would take said premises free of said lien. *Lewis v. Shearer*, 189 Ill. 189; *Moshier v. Meek*, 80 Ill. 81.

The question here is, whether notwithstanding appellants may have purchased the premises in question and received a conveyance therefor without knowledge that a part of the consideration thereof was still owing to appellee, from their grantor, but the knowledge of which come to them before they have fully paid the consideration for the conveyance to them, the court may decree a lien to be paid out of said balance so owing by them. We think, under the holding of the Supreme Court in the case of *Baldwin v. Sager*, 70 Ill. 503, that a court of equity has the power to decree a lien in favor of appellee, the vendor of appellants' grantor, for the unpaid consideration to the extent that appellants still owe on the consideration to be paid by them. In other words, as the record discloses that appellants owe the sum of $630 on the contract made by them with Abernathy, the court was correct in decreeing a lien against said premises for the amount of $520 found to be owing appellee, to be satisfied out of said balance so owing by appellants, together with the costs, as decreed by the trial court.

In the case of *Baldwin v. Sager, supra,* the court at

page 505 in commenting on the case of *Brown v. Welch,* 18 Ill. 343, and *Moshier v. Knox College,* 32 Ill. 155, says: "In the former of these cases, it was said that a subsequent purchaser must have received a deed and paid the purchase money before he receives notice, to be entitled to protection as a bona fide purchaser. \* \* \* In such a case, there can be no question as to the rule contended for, as, to postpone such a purchaser to a prior equity could not injure him in the slightest degree. The prior equity in such a case can be enforced without doing any wrong to the subsequent purchaser, as, if he removed the incumbrance, he may set up the amount paid against the payment of so much of the purchase money, or he may rescind the contract and avoid the payment."

In this case, whatever amount appellants are compelled to pay under the decree of the trial court to appellee they are relieved from paying to Abernathy, as he was a party to this proceeding and was bound by the decree of the trial court, from which he did not appeal. Inasmuch as the decree establishing a lien in favor of appellee provided that it should be satisfied out of the $630 owing by appellants, they cannot be injured, and as no one else is complaining said decree should be affirmed.

*Decree affirmed.*