(No. 14341.—Reversed and remanded.)

THE WARD PUMP COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RAYMOND S. FROST, Admr. Defendant in Error.)

*Opinion filed February 22, 1922.*

1. EVIDENCE—*constitution does not prohibit taking of depositions in foreign language.* Section 18 of the schedule of the constitution, providing that all official writings and judicial proceedings shall be conducted and preserved in the English language, does not apply to the testimony of witnesses or depositions in a foreign language, which are required to be translated into English before being received in evidence. (*Loehde* v. *Glos,* 265 Ill. 401, followed.)

2. SAME—*taking depositions is a statutory matter.* The taking of depositions is a method of securing evidence created by statute and was unknown at common law.

3. SAME—*deposition cannot be taken in any other city than that directed in the dedimus.* Where a *dedimus* for the taking of depositions in a foreign country directs that they be taken by a certain judge in a certain city or by some other officer in said city the directions must be carried out, and depositions taken in another city than that designated in the *dedimus* may be suppressed.

4. SAME—*the commissioner taking depositions must require answers to cross-interrogatories.* In the taking of depositions, where a party has been deprived of the right to have cross-interrogatories answered because of the negligent failure of the commissioner to ask the questions, the depositions will be suppressed unless the point is waived.

5. WORKMEN'S COMPENSATION—*award cannot be sustained in absence of proof of dependency.* In a proceeding by an administrator for compensation for an accidental death, if the only competent evidence of dependency is contained in depositions which should have been suppressed in accordance with the employer's motion made before the commission the award cannot be upheld.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

BINKLEY & MOONEY, for plaintiff in error.

FISHER, NORTH, WELSH & LINSCOTT, and HYDE, WESTBROOK & WATSON, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Antonio M. Pretto was killed while in the employ of plaintiff in error by the bursting of an emery-wheel. There is no question raised on this record except whether or not the deceased left dependents, and if so, the extent of such dependency. In order to establish that the deceased left parents in Italy who were dependent upon him, the defendant in error secured from the mayor of the town of Rotzo, Italy, a table of heirship showing the heirs of the deceased, and later counsel for defendant in error gave notice of his intention to sue out of the Industrial Commission a *dedimus* to take the testimony of the father and mother and other witnesses on certain interrogatories attached to the notice. Plaintiff in error filed a motion with the Industrial Commission to suppress the interrogatories on the ground that they were incompetent, irrelevant and immaterial. This motion was overruled, and plaintiff in error filed cross-interrogatories. The *dedimus* was issued, directed to the royal judge (R. Pretore) at Malo, Italy, or any other judge, master in chancery, notary public or justice of the peace in the city aforesaid, commanding him to take the depositions of Nicola Pretto and Carolina Panozzo Pretto, the parents of the deceased, and other persons whose names were unknown to the Industrial Commission, upon written interrogatories attached. The depositions were returned by Dr. Luigi Fabris, who certified that on April 31 he took the depositions in the office of the royal judge of the royal court of the city of Schio. The depositions were taken and returned in the Italian language. A motion was made by plaintiff in error to suppress the depositions, which motion was denied. The arbitrator found that the father and mother were totally dependent upon the deceased and entered an award for $3500, payable in installments. The Industrial Commission confirmed the award, and the circuit court over-

ruled the motion of plaintiff in error to quash the proceedings, and the case has been brought here on writ of error.

It is contended on the part of plaintiff in error that the depositions taken in this case should have been suppressed, and that had such been done the record would have contained no sufficient evidence showing that the deceased left dependents. The argument that the depositions should have been suppressed is based upon three grounds: First, that they were returned in the Italian language and not in the English language; second, that they were not taken before anyone authorized by the *dedimus* to take them; and third, that the commissioner taking the depositions returned the same without answers to certain cross-interrogatories filed.

The first objection to the depositions cannot be upheld. While section 18 of the schedule of the constitution of the State of Illinois provides that all of the laws of the State of Illinois, and "all official writings, and the executive, legislative and judicial proceedings, shall be conducted, preserved and published in no other than the English language," the construction of this language was before this court in *Loehde* v. *Glos,* 265 Ill. 401, where it was held not to apply to testimony of witnesses or depositions in a foreign language, which may be and are required to be translated into the English before being received in evidence. This objection did not afford ground for suppressing the depositions.

The second objection is, that while the *dedimus* was issued to the "royal judge (R. Pretore) at Malo, Italy, or any other judge, master in chancery, notary public or justice of the peace in the city aforesaid," commanding him to take the depositions in question, such depositions were, in fact, taken by Dr. Luigi Fabris, who in his certificate, as the same was interpreted, indicates that he is not a resident of the city of Malo but of Schio, Italy, and that the depositions were taken there. There is nothing in the record to

indicate that the cities of Schio and Malo are identical, or that Dr. Fabris was a judge, master in chancery, notary public or justice of the peace of the city of Malo. We are of the opinion that in taking these depositions the provisions of the *dedimus* were not substantially complied with. The taking of depositions was unknown at common law. It is a method of securing evidence created by statute. (*Corgan* v. *Anderson,* 30 Ill. 95; *Edleman* v. *Byers & Gilmore,* 75 id. 367.) The language of the *dedimus* directing that the depositions be taken either by the royal judge at Malo or some other officer therein designated in the city of Malo did not authorize the taking of the depositions by another officer or individual in another city. We are of the opinion that in order to have been a substantial compliance with the statute it was necessary that the provisions of the *dedimus* designating who should act as commissioner be carried out and that someone so act who came within such provisions. For this reason the depositions should have been suppressed.

The depositions should have been suppressed for the further reason that no attempt was made to require answers to certain cross-interrogatories of the plaintiff in error. It would be an unjust rule that would permit the taking of a deposition on the interrogatories of one party and decline to give any attention whatever to the cross-interrogatories filed, and where such appears to have been the procedure the court should suppress the depositions on motion. While in some jurisdictions failure of the commissioner to put all the interrogatories is not fatal but the court may send them back to the commissioner with instructions to complete the examination, the more prevalent rule in this country is, that where a party has been deprived of the right to have cross-interrogatories answered because of the negligent failure of the commissioner to put them, the depositions will be suppressed unless the point is waived. *Rotge* v. *Simmler,*

176 S. W. (Tex.) 614; *Kimball* v. *Davis,* 19 Wend. 437; *Brown* v. *Kimball,* 25 id. 259; *Merial* v. *Dawson,* 11 How. 315; *Hinkley* v. *Insurance Co.* 4 Pa. 470; 18 Corpus Juris, pages 689, 725.

Objections were made to the form of the questions asked, but as this cause must be sent back to the commission for the hearing of further evidence if the parties be so advised, these objections are not such as will likely come up in re-taking the depositions.

The only testimony appearing on the question of dependency was as follows: Antonio Pozzan testified that he was a room-mate of the deceased; that he saw him give Pete Vallortigara 320 lires to be sent to the parents of the deceased but had never seen the deceased send any money, though he boarded with him three and a half years preceding his death. Matteo Panozzo testified he has been in the country twenty-nine years; that he was an uncle of the deceased; that the deceased had sent money to his father and mother in Italy but he did not know how much. Pete Vallortigara testified that he is an agent for a steamship company in Chicago; that he has no recollection of ever having sent money for the deceased. In this condition of the record it is evident that upon suppression of the depositions the award is unsustained by competent evidence showing dependency on the part of the parents of the deceased.

For the reason given, the judgment of the circuit court affirming the award of the Industrial Commission is reversed and the cause remanded, with directions to re-refer the same to the commission for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*